Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v*. Arthur Bartle, Appellee.

Argued September 10, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Michael R. Deckman,* Deputy Chief Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Joseph F. Sklarosky,* for appellee.

OPINION BY SENIOR JUDGE KALISH, November 22, 1985:

The Department of Transportation (DOT) appeals a decision of the Court of Common Pleas of Luzerne County which sustained the appeal of Arthur Bartle from the suspension of his automobile operator's license.

Bartle was involved in an automobile accident. He was asked to submit to a breathalyzer test. The breathalyzer machine malfunctioned and he was asked to take a blood test. He refused because he feared needles. Bartle contends his refusal to take a blood test did not constitute a refusal for license privilege suspension purposes because, under the circumstances, he should have been given the option to take the urine test. DOT contends that pursuant to section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a), a driver is deemed to have given his or her consent to one or more chemical tests to determine the amount of alcohol in the driver's blood. The trial court sustained

the driver's appeal and refused to suspend his driving privileges. We reverse.

Under section 1547(a) of the Vehicle Code, an operator is deemed to have consented to one or more of the chemical tests of breath, blood, or urine. The plain meaning of that section is that an officer may request a driver to submit to any one of the enumerated tests as long as the officer has reasonable grounds to believe the driver was operating a motor vehicle while under the influence of alcohol. There is nothing in this section to indicate that the driver has the option of choosing the test, although he does have the right to have his own physician administer a blood test. Anything less than an unqualified, unequivocal assent to take the test constitutes a refusal.

Here, the officer observed that Bartle's speech was slurred, and that he had a staggered gait and a strong odor of alcohol on his breath. Thus, the officer had reasonable grounds to believe Bartle was under the influence of alcohol. Because Bartel refused to submit to the blood test, we must reverse.

ORDER

The order of the Court of Common Pleas of Luzerne County, entered on April 24, 1984 at No. 149-C of 1984, is reversed.