508 A.2d 1269

Wayne Allen Smith, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 10, 1986, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Norman A. Krumenacker, III, Krumenacker & Krumenacker,* for appellant.

*Harold H. Cramer,* with him, *Michael R. Deckman,* Deputy Chief Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, April 8, 1986:

Wayne Allen Smith appeals from an order of the Court of Common Pleas of Cambria County affirming the Department of Transportation's suspension of Smith's operating privileges for one year. We affirm.

Smith, arrested for driving under the influence of alcohol, assented to a breathalyzer alcohol test. However, before the breathalyzer test was performed, the arresting officer directed that Smith be taken to the hospital for a blood alcohol test.

At the hospital, Smith refused to submit to the blood alcohol test because he allegedly had a fear of needles. The police officer warned Smith that his refusal to submit to the blood alcohol test would result in an automatic suspension of his operating privileges for one year. Smith persisted in his refusal. Thereafter, the police officer obtained a search warrant which authorized blood and urine alcohol tests. Smith then submitted to the blood and urine alcohol tests. The department, pursuant to section 1547(b) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b), suspended Smith's operating privileges for one year.[1]

Smith contends that he complied with section 1547(a) of the Vehicle Code because he assented to the breath and urine alcohol tests, notwithstanding the fact

---

[1] Section 1547(b) of the Vehicle Code provides:

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substances) is requested to submit to chemical testing and refuses to do so, the test shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

. . . .

that he refused to submit to the blood test until the warrant required him to comply.

Section 1547(a) of the Vehicle Code states:

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to *one or more chemical tests of breath, blood or urine* for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger or any vehicle involved or a pedestrian required treatment at a medical facility or was killed. (Emphasis added.)

The quoted terms of the section definitively provide that a motorist is deemed to have given consent to each type of enumerated alcohol test; section 1547(a) clearly does not permit the motorist to select from the enumerated tests which test he will perform, nor does it limit the police to which type of test they may require.

In *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985) this court held that section 1547(a) does not permit the motorist to choose which alcohol test he will perform. Further, this court held that the police could require the motorist to submit to a blood test, notwithstanding the motorist's alleged fear of needles.

The legal propriety of the dual testing required in this case was recently settled in *McFarren v. Department of Transportation,* 96 Pa. Commonwealth Ct. 262, 507 A.2d 879 (1986), where this court held that section

1547(a) authorized the police to require two breathalyzer alcohol tests.

Although the courts will not uphold a police officer's unreasonable demands, the facts of this case do not indicate that the police officer's requests were unreasonable. In *McFarren*, we stated that no prejudice or harm befell the motorist because he was requested to submit to the breathalyzer alcohol test twice. Similarly, in this case, no prejudice or harm was imposed upon Smith because he was requested to submit to both blood and urine tests.[2]

Following *Bartle*, we hold that a motorist who refuses to submit to a blood alcohol test, even though he has assented to a breath and urine alcohol test, has failed to comply with the statutory duty which motorists undertake when they exercise their operating privileges.

Accordingly, we affirm the order of the court of common pleas.

## ORDER

NOW, April 8, 1986, the order of the Court of Common Pleas of Cambria County at No. 1983-1283, dated January 9, 1984, is affirmed.

Judge DOYLE concurs in result only.

---

[2] Smith cites *Commonwealth v. Lee*, 257 Pa. Superior Ct. 326, 390 A.2d 845 (1978), *Commonwealth v. Funk*, 254 Pa. Superior Ct. 233, 385 A.2d 995 (1978) and *Commonwealth v. Kelly*, 27 D. & C. 3d 618 (1983), for the proposition that the police must use the least intrusive alcohol test available under the circumstances. Those cases arose under the old Vehicle Code which limited a motorist's consent to "*a* chemical test of breath *or* blood" and expressly provided that if a motorist was "physically unable to supply enough breath to complete a chemical test, a physician . . . may withdraw blood for the purpose of determining its alcoholic content." The amended Vehicle Code is broader in the number and types of alcohol tests and does not contain a preference for any one of the three types of alcohol tests. Accordingly, these cases are inapposite.