513 A.2d 1105

Charles F. Binder, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs December 12, 1985, to Judges MacPhail and Doyle, and Senior Judge Kalish, sitting as a panel of three.

*David A. Silverstein*, with him, *Robert B. Hochberg, Silverstein & Kaufman*, for appellant.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellee.

Opinion by Judge Doyle, August 8, 1986:

This is an appeal by Charles F. Binder (Licensee) from an order of the Court of Common Pleas of Delaware County sustaining an action by the Department of

Transportation (DOT) wherein DOT suspended for twelve months Licensee's operating privileges for failure to submit to a breathalyzer examination pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b) (Code).[1]

The trial court found that Licensee was lawfully arrested in Philadelphia and charged with driving while under the influence of alcohol on January 20, 1984. He was requested to submit to a breathalyzer examination and told that if he refused his license would be suspended for twelve months. Licensee then asked for permission to call his attorney and was permitted to make a call. He was then again asked to submit to a breathalyzer test and refused. The trial court further found:

10. The officer testified that [Licensee] did not request a blood test or to have his private physician perform any test.

11. The [Licensee] testified that after he read the form provided by the police department he decided that he preferred a blood test instead of a breath test and that he requested that a blood test be given.

12. That [Licensee] testified that he informed the officer that a hospital was directly across the street from the police station and that he wanted

---

[1] Section 1547(b) provides in pertinent part:

**Suspension for refusal.—**

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

his private physician to administer the blood test.

The form provided by the police department, referred to in the trial court's finding of fact 11, is entitled "Report of Chemical Test to Determine Intoxication." It contains a section entitled "Warnings Given to Subject by Operator." This section states in pertinent part:

> You have been placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor and you are requested to submit to a chemical test of your breath to determine intoxication. If you are unable to perform the breath test, *or if you prefer that a blood test be given,* you are requested to submit to same. If you refuse to do so, the tests shall not be given but the secretary will suspend your license or permit to operate a motor vehicle with or without a hearing.

(Emphasis added.)

The trial court noted that there is no statutory right under Section 1547(a) of the Code[2] giving the licensee the right to insist on a blood test. It therefore reasoned that Licensee "was not entitled to request such a test." It thus specifically declined to determine the credibility issue between the police officer who testified that Licensee did not request a blood test, and Licensee, who testified that after reading the statement on the police form, he requested a blood test in lieu of a

---

[2] Section 1547(a) provides in pertinent part:

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance. . . .

breathalyzer test.[3] The trial court was quite correct that Section 1547(a) does not give a licensee the right to take a blood test or the right to choose from among the tests listed in that Section. This Court has so held. *Smith v. Department of Transportation,* 97 Pa. Commonwealth Ct. 74, 508 A.2d 1269 (1986); *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985). But, we have also held that a licensee is statutorily entitled to a warning that refusal to submit to a test will result in the licensee's suspension. *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979). *Peppelman* also established that the duty to administer the warning includes a duty to do so accurately. *See also Forte v. Department of Transportation, Bureau of Motor Vehicles,* 94 Pa. Commonwealth Ct. 194, 503 A.2d 107 (1986). *Peppelman* further held that a licensee need not rely on the inaccurate warning. We said in *Peppelman:*

> The language of Section 1547(b)(2) is clear and unambiguous and the duty it imposes on the police officer is not difficult to perform. For us to hold, . . . that an inaccurate performance of this duty [to warn] is to be overlooked if the motorist has not relied on the warning would simply invite a trial of the issue of reliance wherever the warning was defective.

*Id.* at 265-66, 403 A.2d at 1043.

While Section 1542(a) and case law clearly establish that a licensee has no right to a choice of tests, the form supplied to Licensee here by the Philadelphia Police Department clearly contains a statement to the con-

---

[3] *For some inexplicable reason the "Report of Chemical Test to Determine Intoxication" completed and signed by the police officer who testified indicated, by a check mark in the block for "yes", that Licensee had agreed to take the breathalyzer test.*

trary. And despite two oral warnings given Licensee that refusal to submit would trigger the suspension, there was no testimony of any oral explanation given to Licensee which would have clarified or corrected the clear misstatement of law on the form. Thus, we have an inaccurate warning. While the trial court did not resolve the credibility of whether Licensee specifically asked for a blood test in lieu of the breathalyzer test or whether Licensee detrimentally relied upon the form, *Peppelman* dictates that where the warning is inaccurate this fact alone, without a disavowal or further explanation by the police authority, requires that the suspension be set aside.[4] Succinctly put, under *Peppelman* there is no requirement that a licensee seek clarification nor is there a requirement that he rely on the inaccurate warning.

Because the police here failed to perform the statutory duty to warn *accurately* Licensee, we are constrained to reverse the trial court. We do, however, concur in the trial judge's astute observation that the Philadelphia Police Department would be wise to delete from its form the statement that a licensee has an option as to which test will be conducted. The order of the trial court is reversed.

ORDER

Now, August 8, 1986, the order of the Court of Common Pleas of Delaware County, No. 84-2756, dated November 26, 1984 is hereby reversed; it is ordered that the operating privileges of Charles F. Binder be reinstated.

---

[4] The instant case is thus distinguishable from *Forte v. Department of Transportation, Bureau of Motor Vehicles,* 94 Pa. Commonwealth Ct. 194, 503 A.2d 107 (1986), where the police officer's inaccurate statement did not constitute a part of the warning, but was merely an extraneous remark.