## Fleming v. PennDOT

*Donald J. McCue,* for plaintiff.
*Kathy Lynn,* for the commonwealth.

CICCHETTI, *P.J.*, September 18, 1986 — Presently before the court is an appeal from the Department of Transportation's one-year suspension of the operating privileges of Ronald Earl Fleming. Defendant's operating privileges were suspended pursuant to 75 Pa.C.S. §1547(b) for his failure to submit to a blood alcohol test.

The testimony revealed that on April 12, 1986, defendant was arrested for driving under the influence of alcohol. When Trooper William F. Phillips called the barracks to inform them that he was bringing in defendant for an Intoxilyzer test, he was

informed the machine was out of service. The trooper then transported defendant to Uniontown Hospital for a blood alcohol test. The trooper stated that defendant told him several times that he was willing to take a Breathalyzer test; however, defendant refused to submit to the blood alcohol test. The trooper warned defendant that his refusal to submit to the blood alcohol test would result in an automatic suspension of his operating·privilege for one year. Defendant persisted in his refusal. The officer does not remember defendant giving any reason for his refusal to submit to the test.

Defendant testified that his refusal to submit to the blood alcohol test was based on the fact that he had had extensive skin grafts as a result of an industrial accident. He did not want the grafts to be punctured. Defendant was willing to take a Breathalyzer test. Defendant contends he complied with 75 Pa.C.S. §1547(a) because he assented to the breath test, notwithstanding the fact that he refused to submit to the blood test.

The commonwealth argues that only the police officer has discretion as to which method of testing should be employed. The fact that defendant was willing to take a Breathalyzer test is immaterial, for defendant refused to submit to a blood alcohol test. Therefore, defendant's failure to submit to the blood alcohol test permits the commonwealth to suspend his operating privileges for one year.

In *Smith v. Commonwealth,* 97 Pa. Commw. 74, 508 A.2d 1269 (1986), defendant refused to submit to a blood alcohol test because he allegedly had a fear of needles. The court stated:

"The quoted terms of the section [75 Pa.C.S. §1547(a)] definitively provide that a motorist is deemed to have given consent to each type of enumerated alcohol test; section 1547(a) clearly does

not permit the motorist to select from the enumerated tests which test he will perform, nor does it limit the police to which type of test they may require. *Smith* at 1270.

Therefore, a motorist who refused to submit to a blood alcohol test, even though he had assented to a breath and urine test, had failed to comply with the statutory duty which motorists undertake when they exercise their operating privileges. The court noted: "Although the courts will not uphold a police officer's unreasonable demands, the facts of the case do not indicate that the police officer's requests were unreasonable." *Smith* at 1270.

In the instant case, this court recognizes that discretion is vested in the police officer to select the method of chemical testing. However, we find that under the facts of this particular case, the officer's demand that defendant submit to a blood alcohol test can be viewed as unreasonable. When the taking of a blood test risks complications to a person's unique situation, then the officer's demands can be viewed as unreasonable, particularly when there are alternative methods of testing which are available and defendant is willing to submit to the other tests. In such a situation, the discretion of the officer must be tempered by the practical realities of the situation.