526 A.2d 1265

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* John E. Curran, Appellee.

Argued April 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Christopher J. Clements,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel.

*S. John Price, Jr.,* for appellee.

Opinion by Judge MacPhail, June 17, 1987:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Schuylkill County which sustained the appeal of John E. Curran (Appellee) from a one-year suspension of his operating privileges by the Department. We reverse.

Appellee was arrested for driving under the influence at the scene of an automobile accident in which he was involved. He was informed of the implied consent provisions of Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, requiring that he submit to a chemical test for blood alcohol content or lose his operating privileges for one year. The arresting officer informed Appellee that he would have to submit to a blood test because there were no intoxilyzer operators on duty to administer a breath test. Appellee requested a breath test asserting that he was afraid of needles and of giving blood, but he did agree to try the blood test. At the hospital, however, Appellee refused to go through with the blood test after verbally consenting to do so. Appellee was not told he could undergo a urinalysis for blood alcohol, and he later testified before the trial

court that he would have submitted to a urine test if it had been offered.[1]

Appellee's operating privileges were suspended for one year for refusing to submit to the chemical test for blood alcohol, pursuant to Section 1547(b), 75 Pa. C. S. §1547(b). He appealed to the court of common pleas which sustained the appeal and reversed the Department's order. The Department's appeal of this order is now before our Court.

We note, initially, that our scope of review is limited to a determination of whether the trial court's findings are not supported by competent evidence, erroneous conclusions of law have been made, or the decision exhibits a manifest abuse of discretion. *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980).

The Department argues that the trial court erred as a matter of law in concluding that Appellee did not refuse to submit to a chemical test because of his "understandable" fear of needles and blood tests[2] and that the arresting officer should have presented the option of a urinalysis. We agree with the Department that this conclusion is contrary to the decisions of this Court in *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985) and *Smith v. Department of Transportation,* 97 Pa. Commonwealth Ct. 74, 508 A.2d 1269 (1986).

In *Bartle,* a licensee arrested for driving under the influence was asked to submit to a blood test because of

---

[1] Notes of Testimony from September 16, 1985 (N.T.) at 17, Reproduced Record (R.R.) at 25a.

[2] Appellee testified that his wife, now deceased, had contracted a blood infection from a needle and that he was "deathly afraid" of needles. N.T. at 17, R.R. at 25a.

a malfunctioning breathalyzer. He refused the blood test because he was afraid of needles and later argued that this did not constitute a refusal warranting a suspension due to the fact that he had not been given the option of urinalysis. In rejecting this argument and reversing the trial court's order sustaining the licensee's appeal, we reasoned:

> Under section 1547(a) of the Vehicle Code, an operator is deemed to have consented to one or more of the chemical tests of breath, blood, or urine. The plain meaning of that section is that an officer may request a driver to submit to any one of the enumerated tests as long as the officer has reasonable grounds to believe the driver was operating a motor vehicle while under the influence of alcohol. There is nothing in this section to indicate that the driver has the option of choosing the test. . . . Anything less than an unqualified, unequivocal assent to take the test constitutes a refusal.

*Bartle,* 93 Pa. Commonwealth Ct. at 134, 500 A.2d at 526. *See also Binder v. Commonwealth,* 99 Pa. Commonwealth Ct. 548, 551, 513 A.2d 1105, 1107 (1986) (Section 1547(a) does not give a licensee the right to choose from among the tests listed.)

We followed *Bartle* in our decision in *Smith,* wherein a licensee also refused to submit to a blood test due to his fear of needles. We concluded "that a motorist who refuses to submit to a blood alcohol test, even though he has assented to a breath and urine alcohol test, has failed to comply with the statutory duty which motorists undertake when they exercise their operating privileges." *Smith,* 97 Pa. Commonwealth Ct. at 77, 508 A.2d at 1270.

The factual situation in the case at bar is indistinguishable from that in *Bartle,* and therefore, following

*Bartle* and *Smith,* we reverse the order of the court of common pleas and reinstate the one-year suspension of Appellee's operating privileges.

### ORDER

The order of the Court of Common Pleas of Schuylkill County in the above-captioned proceeding is hereby reversed, and the suspension of John E. Curran's operating privileges is reinstated.