532 A.2d 892

Terry Ernest Borger, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued April 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Stephen Peter Vlossak, Sr.,* for appellant.

*John T. Clary, Jr.,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, June 26, 1987:

Terry Borger (Appellant) appeals here from an order of the Court of Common Pleas of Carbon County which affirmed the suspension of Appellant's operating privileges by the Department of Transportation (DOT) because Appellant refused a chemical test of his blood after having been arrested for driving under the influence of alcohol.[1]

---

[1] Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731.

Appellant stipulated that he was arrested for operating a motor vehicle while under the influence of alcohol and that the arresting officer had proper cause to arrest him.

Appellant testified that after appropriate warnings, he consented to take an intoxilyzer test. When that test was administered, the intoxilyzer operator determined that the machine was not operating properly because the simulator results were inaccurate.

At this point, the arresting officer requested Appellant to undergo a blood test at the hospital.[2] Appellant refused on the ground that he feared needles. He, nevertheless, was transported to the hospital where he again refused to take the blood test because of his fear of needles. He was duly warned of the consequences of his refusal.

There was then a conversation about a urinalysis. The arresting officer testified:

Q. Was there any other purpose for going to the hospital?

A. —that was my purpose; to withdraw blood. I did consider urine, but after talking with Doctor Visperas, I believe—

Q. —well, were you aware of any urine test available?

A. No. The hospital was a little unsure of that.

Notes of Testimony (N.T.) at 11, Reproduced Record (R.R.) at 12a. Appellant testified:

Q. Did the Officer suggest any other tests?

---

[2] In the recent decision of our Supreme Court in *Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987), that Court held that a second test may be proper if the first test was inconclusive due to faulty equipment.

A. Yes. When we got to the hospital, I was told to sit down in the dispensary. —when we got there. He then asked me—he came back to me and asked me: WELL, HOW ABOUT IF YOU'LL SUBMIT TO A URINE TEST?

Q. What was your response to that?

A. —I seen no problem in that. There was no—it's not like being injected, or something like that; so I said, SURE.

Q. Then what happened next?

A. I believe Mr. Steigerwalt talked to a doctor on the phone. He was talking to somebody on the telephone. He had the cup for the urine specimen ready. For some reason, he changed his mind and I never took the test.

Q. What did he say to you? —if you recall.

A. —really nothing after that. He just asked me if I would take the test. I said, SURE. Then him and—Mr. Steigerwalt and Mr. Snerr had a small conversation to the side.—came back to me and said, THAT'S IT; WE'RE GOING.

N.T. at 23-24, R.R. at 24a-25a.

In his memorandum opinion in support of his order, the trial judge held that the Appellant's refusal of the blood test fell squarely within this Court's decision in *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985), wherein we held that fear of needles did not excuse an operator's refusal of a blood test and that the operator did not have the option of taking an alternative test. The trial judge held that *Bartle* was dispositive of this case.

Appellant vigorously argues that the *Bartle* case is distinguishable because it was not the Appellant who suggested the alternate test here, but rather the arresting officer. Appellant also points out that he willingly

submitted to the intoxilyzer test, had good cause for refusing the blood test and was willing to have a urinalysis. On that basis, Appellant contends the trial court erred when it held that he refused a chemical test to determine the amount of alcohol in his blood. Appellant also points out that he introduced evidence to prove that his fear of needles was real and not imaginary.[3]

As we have noted, there is a conflict in the evidence regarding the circumstances surrounding the urine test. Appellant says the officer suggested that test but the officer testified that he only considered it. In any event, both witnesses agreed that after the officer spoke with the hospital staff, the possibility of that test was abandoned.

While we must agree with Appellant that there is every indication that he was willing to take a breathalyzer test or a urine test, we must conclude, nevertheless, that his refusal to take the blood test is sufficient ground for the suspension of his operating privileges under Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b). While our language in *Bartle* interpreting the language of Section 1547(a) of the Code, 75 Pa. C. S. §1547(a), may be somewhat modified by the recent plurality decision of our Supreme Court in *McFarren*,[4] we are well satisfied that even under that decision, it is the officer, not the operator of the motor vehicle, who has the option to choose the type of chemical test to be administered.

---

[3] The testimony of the Director of Mental Health Services, who apparently was not a physician or psychiatrist, was to the effect that in 1983 while Appellant was a patient in a hospital, the Appellant told the witness that he was afraid of needles. This testimony was admitted over DOT's objection.

[4] *See supra* note 2.

ORDER

The order of the Court of Common Pleas of Carbon County is affirmed.

---

DISSENTING OPINION BY JUDGE DOYLE:

Under the circumstances of the facts presented in this case, I respectfully dissent from the majority. Once the Appellant had indicated his consent to take the urinalysis test, *at the request of the arresting officer,* I believe there had to be some reasonable explanation given why the urinalysis test was not administered. That "[t]he hospital was a little unsure of that [giving the urinalysis test]" is not such a reasonable explanation.

A police officer, once having *offered* a urinalysis test as an alternative to a driver who has a legitimate fear of needles, and having secured the driver's consent, cannot then insist on a blood test, *without explanation,* knowing that the driver in all probability will refuse the blood test. I would reverse.