532 A.2d 923

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Henry Goldowski, Appellee.

Submitted on briefs September 14, 1987, to Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, *Henry G. Barr,* General Counsel, for appellant.

*Joseph M. Blazosek,* with him, *Anthony J. Lupas,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, October 26, 1987:

This is an operator's license suspension appeal wherein the Department of Transportation, Bureau of Driver Licensing (Bureau), appeals here an order of the Court of Common Pleas of Luzerne County sustaining the appeal of Henry Goldowski, Appellee, from a Bureau order suspending his operating license. The Bureau suspended his operator's license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), due to his refusal to submit to a chemical test to determine the alcohol content of his blood. We reverse.

The following facts found by the common pleas court are pertinent to our disposition of this appeal. On November 10, 1984, Plains Township Police Officer Thomas Zurawski responded to a radio call of a two vehicle accident on North Main Street in Plains Township. At the scene, he observed that the vehicles were involved in a head-on collision and Appellee's vehicle was in the southbound lane heading north. Officer Zurawski also observed that Appellee's eyes were "glassy", his speech was slurred, and he told the officer that he had been drinking a few hours earlier. After Appellee was transported to Wilkes-Barre Hospital for treatment, Officer Zurawski advised him that he was under arrest for driving under the influence. Officer Zurawski also informed him that his operator's license would be suspended if he refused to submit to chemical testing. Appellee was not asked to take a breathalyzer test due to injuries to his mouth. After a discussion with the physician on duty, Officer Zurawski asked Appellee to take a blood test. Appellee refused the test explaining that he was afraid of needles. The common pleas court found that Appellee was not offered a urine test, as the Bureau had alleged. When the Bureau suspended his operator's license pursuant to 75 Pa. C. S. §1547(b), he appealed to common pleas court. Following a hearing, the common pleas court sustained the appeal and vacated the suspension. The common pleas court based its decision solely upon its finding that the Bureau did not prove that it offered Appellee the urine test as it alleged and that Appellee refused that test. The Bureau has appealed that decision to this Court.

In this appeal, the sole question presented by the Bureau is that the common pleas court erred as a matter of law when it sustained Appellee's appeal despite its finding that he refused the only chemical test he was offered. The Bureau contends that once a motorist

refuses a chemical test, it can suspend his or her operator's license regardless of whether an alternative test is offered or refused. On the facts present in this case, we agree with the Bureau.

We have held on numerous occasions in the recent past that once a motorist refuses a chemical test under 75 Pa. C. S. §1547, the Bureau may properly suspend the motorist's operator's license under 75 Pa. C. S. §1547(b) regardless of whether or not the motorist subsequently assents to a chemical test. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Bender,* 107 Pa. Commonwealth Ct. 475, 529 A.2d 44 (1987); *Kase v. Commonwealth,* 88 Pa. Commonwealth Ct. 414, 489 A.2d 986 (1985); *Department of Transportation, Bureau of Traffic Safety v. O'Rourke,* 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976). Once a valid request has been made to submit to a chemical test, following recitation of the statutory warning, anything substantially less than an unqualified, unequivocal assent to take a chemical test constitutes a refusal warranting an automatic suspension of the motorist's operator's license. *Sheakley v. Department of Transportation,* 99 Pa. Commonwealth Ct. 328, 513 A.2d 551 (1986), *allowance of appeal denied,* 515 Pa. 586, 527 A.2d 546 (1987). It is well-settled that a motorist's fear of needles, as is the case here, does not justify a refusal to submit to a blood test. *See, e.g., Smith v. Department of Transportation,* 97 Pa. Commonwealth Ct. 74, 508 A.2d 1269 (1986); *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985).

In the case at bar, the common pleas court found that Officer Zurawski had reasonable grounds to believe Appellee was driving under the influence and placed him under arrest for driving under the influence; that he requested that the Appellee submit to a blood test;

that he warned Appellee that his license would be suspended if he refused a chemical test; and that Appellee refused to submit to a blood test due to his fear of needles. Under our case law, that is all the Bureau is required to prove in order to substantiate an operator's license suspension order under 75 Pa. C. S. §1547(b). *Hando v. Commonwealth*, 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984); *Department of Transportation, Bureau of Traffic Safety v. Sinwell*, 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982). We agree with the Bureau that the fact that the Officer Zurawski contended, but failed to prove, that he offered Appellee a urine test and that Appellee refused that test, is irrelevant to sustaining the suspension order. The automatic suspension under 75 Pa. C. S. §1547(b) was triggered by Appellee's refusal to submit to a blood test after the test was requested and after he was warned of the consequences of a refusal. The fact that the Bureau failed to prove Appellee was offered and refused a subsequent test is irrelevant to the automatic suspension. *Cf. Bartle* (motorist's refusal to submit to blood test triggered automatic suspension of license even though motorist was not given the option of taking a urine test).

Appellee argues that Officer Zurawski gave him an invalid warning that he had a right to take either a breath, blood, or urine test to satisfy the requirements of 75 Pa. C. S. §1547. We have previously held that a police officer failed to accurately state the statutory warning of 75 Pa. C. S. §1547 where the officer informed the motorist that he had a choice of a breathalyzer or a blood test where the law is clear that the motorist has no such right, and the motorist's refusal to submit to a test in the face of such an inaccurate warning does not trigger the automatic suspension of 75 Pa. C. S. §1547(b). *Binder v. Commonwealth*, 99 Pa. Commonwealth Ct. 548, 513 A.2d 1105 (1986). That is not

the case here. The common pleas court made no finding that the warnings provided Appellee were inaccurate and only found that Officer Zurawski gave him a general warning as to the consequences of refusing a chemical test. Appellee, in his own testimony before the common pleas court, testified that he had no recollection of any mention being made of a urine test. The common pleas judge, in his opinion, specifically discounted that part of Officer Zurawski's testimony where he "believed" he informed Appellee that he would have to take a breath, blood, or urine test. To the contrary, the common pleas judge found that only a blood test was discussed with and offered to the Appellee. Therefore, we must reject Appellee's alternative contention.

Having found that the Bureau had satisfied its burden of proof to sustain the license suspension order, we must reverse the common pleas court's order sustaining Appellee's appeal of that order and reinstate the suspension.

## ORDER

Now, October 26, 1987, the Order of the Court of Common Pleas of Luzerne County at Docket No. 5203-C 1984, dated June 11, 1985, sustaining the appeal of Henry Goldowski and vacating the operator's license suspension order of the Bureau of Driver Licensing, is hereby reversed and the Bureau's operator's license suspension order is reinstated.