539 A.2d 509

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Daniel Charles Quinn, Appellee.

Argued December 18, 1987, before Judges DOYLE, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A., Manthorpe,* Chief Counsel, *Jay C. Waldman,* General Counsel, for appellant.

*H. David Spirt,* for appellee.

OPINION BY SENIOR JUDGE KALISH, March 28, 1988:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Montgomery County which sustained the appeal of Daniel Charles Quinn (appellee) from the suspension of his operating privileges for refusal to submit to a blood test. We reverse the court of common pleas and reinstate the suspension of appellee's operating privileges.

On June 9, 1984, appellee was arrested on the charge of driving a motor vehicle while under the influence of alcohol. Following his arrest, appellee agreed to take a breath test, but the breathalyzer machine at the Towamencin police station malfunctioned. Officer Jan Wosiak of the Towamencin police force then decided to take appellee to the Lansdale police station where there was a functional breathalyzer machine.

While enroute to the Lansdale police station, Officer Wosiak decided to have a blood test administered and transferred appellee to North Penn Hospital for that purpose. Appellee refused to give blood but was willing to submit to a breathalyzer test as he had indicated before.

The trial court held that because appellee had consented to a breathalyzer test he could not be called up-

on to submit to a blood test when it turned out that the breath test device was inoperative.

Section 1547(a) of the Vehicle Code, *as amended*, 75 Pa. C. S. §1547(a) states:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle.

The driver does not have the option of choosing the test, although he does have the right to have his own physician administer [an *additional*] breath, blood or urine chemical test. *Department of Transportation, Bureau of Traffic Safety v. Bartle*, 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985); 75 Pa. C. S. §1547(h). This case does not violate the mandate of the Supreme Court in *Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987), where the court held that in order to justify a second intrusion, the police officer must establish circumstances which support its reasonableness. Here, there was no initial intrusion, so that it was unnecessary to show that the request for a blood test was reasonable. Furthermore, the request actually was reasonable since the breathalyzer test was inoperative.

Accordingly, we reverse the order of the court of common pleas and remand this matter for further proceedings pursuant to counsels' stipulation at oral argument.

ORDER

Now, March 28, 1988, the order of the Court of Common Pleas of Montgomery County, No. 84-11432, dated January 21, 1985, is reversed and this matter is remanded for further proceedings pursuant to counsels' stipulation at oral argument. Jurisdiction relinquished.

---

CONCURRING OPINION BY JUDGE PALLADINO:

I concur in the result only because of concern that the majority opinion might inadvertently create unncessary litigation by a misleading statement of the law.

The majority makes the bold statement that a driver, requested to take a chemical test for alcohol to be performed on his blood, has "the right to have his own physician administer [an additional] blood test." Majority op. at 2.[1] This statement is misleading and plants seeds of doubt where there should be none.

Section 1547(h) of the Vehicle Code, 75 Pa. C. S. §1547(h) provides:

> **Test by personal physician.**—The person tested shall be permitted to have a physician of his own choosing administer an *additional* breath, blood or urine test and the results shall also be admissible in evidence. *The chemical testing given at the direction of the police officer shall not be delayed by a person's attempt to obtain an additional test.*

---

[1] Language in *Department of Transportation v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985), cited as authority for this statement, is dicta because in that case the issue of who was to administer the test was not raised. In the case at bar, the issue of who is to administer the test was likewise not raised. The issue here is whether having consented to a breath test, it was reasonable for the police officer to request a blood test because the breath test device was inoperable.

(Emphasis added.) It gives a driver the right to have his own physician administer an additional test and specifically states that the permission to obtain an additional test is not to delay that requested by the police officer.

A driver may not condition acceptance to a request to submit to a chemical blood test for alcohol upon having his own physician administer the test. This court has repeatedly held that anything short of unqualified, unequivocal consent constitutes a refusal. *See Smith v. Commonwealth,* 80 Pa. Commonwealth Ct. 117, 470 A.2d 1125 (1984).