551 A.2d 1170

Dale K. McCullough, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs June 28, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*John J. Moran, II,* for appellant.

*Philip L. Zulli,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE SMITH, December 30, 1988:

Dale K. McCullough (Appellant) appeals from a decision of the Court of Common Pleas of York County which sustained the one-year suspension of Appellant's

operator's license by the Department of Transportation (DOT) pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547.[1] The trial court's decision is affirmed.

On May 1, 1986, Appellant was charged with driving under the influence of alcohol. The arresting officer conducted field sobriety tests and then transported Appellant to York Hospital where he requested Appellant to submit to a blood test. Appellant maintains that he refused the blood test because of his fear of needles and of contracting Acquired Immune Deficiency (AIDS) but that he would have taken a urine or breath test had either test been offered to him. Consequently, Appellant

---

[1] Section 1547 provides in pertinent part:

(a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) **Suspension for refusal.**—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

received official notice on May 20, 1986 that his driving privilege was being suspended for one year.

Appellant appealed the action by DOT to the trial court on June 13, 1986. The sole issue before the trial court was whether Appellant's refusal to submit to a blood test based upon a fear of needles and of contracting AIDS constituted a refusal to comply with Section 1547 of the Code. The trial court concluded that even though it were to accept everything that Appellant stated as true, DOT's suspension was proper on the basis of *Department of Transportation, Bureau of Driver Licensing v. Curran,* 107 Pa. Commonwealth Ct. 1, 526 A.2d 1265 (1987).[2]

The sole issue raised by Appellant before this Court is whether his refusal to take a blood test based upon a fear of needles and of contracting AIDS constituted a violation of Section 1547 in light of his willingness to submit to a urinalysis or breath test.[3] Appellant contends that the hospital was equipped to administer a urine or breath test and that no inconvenience would be caused to the arresting officer. In essence, Appellant claims that Section 1547 allows him to choose between chemical tests. DOT argues, however, that Appellant's appeal is frivolous and requests an award of counsel fees pursuant to Pa. R.A.P. 2744.

This Court has consistently interpreted Section 1547 of the Code as to deny a licensee the option of choosing

---

[2] Curran refused to submit to a blood test because of his fear of needles and blood tests. This Court held that licensee's refusal to submit to a blood test constituted a failure to comply with his statutory duty and that the officer has no duty to present licensee with the option of a urine or breath test.

[3] This Court's scope of review of a common pleas court decision is limited to a determination of whether the findings of fact are supported by competent evidence, whether errors of law have been committed, and whether the court's decision demonstrates a manifest abuse of discretion. *Lewis v. Commonwealth of Pennsylvania,* 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988).

which chemical test to take. It is equally well-established that a police officer with reasonable grounds to believe that a licensee was operating a vehicle under the influence has unfettered discretion under Section 1547 to request the licensee to submit to a breath, blood or urine test. *Doolin v. Department of Transportation,* 113 Pa. Commonwealth Ct. 296, 537 A.2d 80 (1988); *Department of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa. Commonwealth Ct. 303, 535 A.2d 296 (1988).

This Court has previously determined that the fear of needles is no justification for refusal to take a required blood test. *See Borger v. Department of Transportation,* 110 Pa. Commonwealth Ct. 512, 532 A.2d 892 (1987); *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985). In following the principles enunciated in *Bartle* and *Smith v. Department of Transportation,* 97 Pa. Commonwealth Ct. 74, 508 A.2d 1269 (1986), this Court in *Curran* stated that Section 1547 of the Code does not afford a driver a choice among the tests listed and rejected the argument that a fear of needles constitutes justification for refusal to take a blood alcohol test. Further, the Court stated that a driver who refuses to take a blood alcohol test even though consenting to a breath or urine test has failed to comply with Section 1547. Accordingly, the rationale in *Curran* is logically extended to the matter *sub judice.* Anything substantially less than an unqualified, unequivocal assent to take a chemical test constitutes a refusal sufficient to support automatic suspension of a motorist's operating privileges. *Department of Transportation, Bureau of Driver Licensing v. Goldowski,* 110 Pa. Commonwealth Ct. 426, 532 A.2d 923 (1987). Thus, Appellant's offer to take a urine or breath test does not vitiate his express refusal to take the blood test.

This Court now turns to DOT's request for counsel fees. A key factor in deciding if an appeal is frivolous or not entails a determination of whether as a matter of law or fact, Appellant's contentions have any likelihood of success or whether continuation of the contest is reasonable. *Wenger v. Commonwealth of Pennsylvania,* 107 Pa. Commonwealth Ct. 20, 527 A.2d 1071 (1987). The specific issue as to whether the fear of contracting AIDS provides a legitimate basis or legal justification for refusal of blood testing must be decided by analogy to prior holdings of this Court. Although the trial court relied upon *Curran,* the fear of AIDS was not considered in that appeal. In *Books v. Department of Transportation, Bureau of Driver Licensing,* 109 Pa. Commonwealth Ct. 25, 530 A.2d 972 (1987), a reference was made to the driver's refusal to take a blood test because of the fear of needles and of AIDS; however, no specific discussion was undertaken of this issue. Because the specific issue of contracting AIDS from blood tests has been ruled upon in the *Books* case only, but without discussion, this Court will decline to award counsel fees to DOT under Pa. R.A.P. 2744.

This Court expressly determines here that a fear of contracting AIDS, as well as hepatitis or any other disease, from the administration of a blood alcohol test does not constitute a legitimate basis or legal justification for refusing to undergo a required blood alcohol test. Since Appellant's refusal to take the blood test was less than an unqualified and unequivocal assent, the trial court's decision affirming Appellant's license suspension must be affirmed.

ORDER

AND NOW, this 30th day of December, 1988, the decision of the Court of Common Pleas of York County is affirmed.

Judge MACPHAIL did not participate in the decision in this case.