605 A.2d 433

**DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Kathleen B. GROSS, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 1990.

Decided April 4, 1991.

Designated as Opinion to be Reported March 19, 1992.

2

Timothy P. Wile, David R. White and Harold H. Cramer, for appellant.

Brad M. Jackman, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Bucks County which sustained the appeal of Kathleen B. Gross (Gross) from a one year suspension of her operating privilege pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa.C.S. § 1547. We reverse.

On July 30, 1989, Gross was arrested by Officer Darrin G. Baughman (Officer Baughman) of the Perkasie Borough Police Department for driving under the influence of alcohol, 75 Pa.C.S. § 3731. Gross was taken to the police headquarters and was advised of the implied consent warn-

ing that she would lose her license for one year if she refused to submit to a chemical test. Officer Baughman requested that Gross submit to a breathalyzer test and she consented to take the test.

The first breath sample supplied by Gross was insufficient and the machine registered an abort. Gross told Officer Baughman that she was having trouble drawing breath after the first sample. Officer Baughman advised Gross that failure to supply a proper sample of air would be a refusal. Gross then supplied another insufficient breath sample. After the second test, Gross told Officer Baughman that she had allergies. Gross advised Officer Baughman that she was willing to take a blood test at Grandview Hospital. Officer Baughman denied her request and a refusal was recorded.

By notice dated and mailed December 1, 1989, the Department notified Gross that her operating privilege was scheduled to be suspended pursuant to Section 1547(b) of the Code, 75 Pa.C.S. § 1547(b), due to her failure to submit to chemical alcohol testing. Gross appealed her suspension to the trial court and a *de novo* hearing was held on February 28, 1990. The trial court entered an order on March 8, 1990 which sustained Gross's appeal and reversed her suspension. The Department filed this timely appeal.[1]

To sustain a license suspension under Section 1547(b) of the Code, the Department must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. *Larkin v. Commonwealth*, 109 Pa.Commonwealth Ct. 611, 531 A.2d 844 (1987). When a licensee fails to supply a sufficient

---

1. Our scope of review in driver's license suspension cases is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether there was a manifest abuse of discretion. *Wheatley v. Department of Transportation*, 104 Pa.Commonwealth Ct. 171, 521 A.2d 507 (1987).

breath sample, such conduct is tantamount to a refusal, thus warranting the suspension of the operating privilege. *Department of Transportation, Bureau of Traffic Safety v. Potter,* 118 Pa.Commonwealth Ct. 524, 545 A.2d 979 (1988). There is no dispute that the Department has established a prima facie case against Gross of a Section 1547(b) suspension. *See, Ostrander v. Department of Transportation, Bureau of Driver Licensing,* 116 Pa.Commonwealth Ct. 243, 541 A.2d 441 (1988).

Once the Department has established that the driver failed to submit to the chemical test, the burden then shifts to the driver to prove by competent evidence that she was physically unable to take the test or not capable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Driver Licensing v. Norton,* 103 Pa.Commonwealth Ct. 78, 519 A.2d 1085 (1987). Whether the driver has satisfied this burden is a factual determination to be made by the trial court. *See, Waigand v. Commonwealth,* 68 Pa.Commonwealth Ct. 541, 449 A.2d 862 (1982).

The trial court concluded that Gross met her burden of proving by competent evidence that she was physically unable to take the test. This Court has held that where no obvious inability is apparent, a finding that a driver was unable to take the test must be supported by competent medical evidence. *Department of Transportation, Bureau of Traffic Safety v. Struzzeri,* 95 Pa.Commonwealth Ct. 12, 504 A.2d 961 (1986). The Department asserts that Gross's inability to perform the test was not obvious and that the trial court improperly held that she met her burden notwithstanding the fact that she produced no competent medical testimony.

Gross testified at the hearing that she related to Officer Baughman that she suffered from allergies and was having difficulty drawing breath. Officer Baughman testified that he did not recall whether or not Gross said she had allergies. The trial court determined that the issue was one of

credibility and resolved the conflict in the evidence in favor of Gross. *See, Phillips v. Commonwealth*, 84 Pa.Commonwealth Ct. 217, 478 A.2d 958 (1984).

However, while the trial court was justified in determining that Gross's testimony was credible, it erred by concluding that her testimony was competent. The fact that Gross may have suffered from allergies was neither obvious nor apparent. Despite the fact that Gross testified that she suffered from allergies, she failed to proffer any competent medical evidence that she had an allergy and that such allergy impaired her lung capacity, rendering her physically unable to perform the breathalyzer test. *See, Department of Transportation v. Berta*, 120 Pa.Commonwealth Ct. 558, 549 A.2d 262 (1988).

■ The Department also asserts that the trial court erred in holding that Gross's prior refusal to take the breathalyzer test was vitiated by her subsequent request to submit to a blood test. Although we agree with the trial court that there is every indication that Gross was willing to take a blood test, nevertheless, her refusal to take the breathalyzer test is sufficient grounds for the suspension of her operating privilege.

■ We have held on numerous occasions that once a motorist refuses a chemical test under 75 Pa.C.S. § 1547, the Department may properly suspend the motorist's operator's license regardless of whether or not the motorist subsequently assents to a chemical test. *Department of Transportation, Bureau of Driver Licensing v. Goldowski*, 110 Pa.Commonwealth Ct. 426, 532 A.2d 923 (1987); *Cunningham v. Department of Transportation*, 105 Pa.Commonwealth Ct. 501, 525 A.2d 9 (1987). It is also important to note that the police officer, and not the motorist, has the option to choose the type of chemical test to be administered. *McCullough v. Department of Transportation, Bureau of Traffic Safety*, 122 Pa.Commonwealth Ct. 415, 551 A.2d 1170 (1988); *Department of Transportation,*

*Bureau of Driver Licensing v. Curran,* 107 Pa.Commonwealth Ct. 1, 526 A.2d 1265 (1987).

■ The trial court relied on Section 1547(i) of the Code to conclude that Gross had not refused chemical testing since it was practicable to have a blood test performed. Section 1547(i) provides:

(i) Request by driver for test.—Any person involved in an accident or placed under arrest for a violation of section 3731 may request a chemical test of his breath, blood or urine. Such requests shall be honored when it is reasonably practicable to do so.

75 Pa.C.S. § 1547(i).

However, we have concluded that a motorist's right to request chemical testing is limited to situations where no test has been requested by the arresting officer. *Doolin v. Department of Transportation,* 113 Pa.Commonwealth Ct. 296, 537 A.2d 80 (1988).

In the instant case, Officer Baughman requested that Gross submit to a breathalyzer test. This is not a situation where a motorist, not having been asked by an officer to be tested, voluntarily requests a test as provided in Section 1547(i).

Gross's refusal to submit to the breathalyzer test is not vitiated by her request to submit to a blood test. Accordingly, the trial court erred in its conclusion that Gross's conduct did not in fact amount to a refusal.

## ORDER

AND NOW, this 4th day of April, 1991, the order of the Court of Common Pleas of Bucks County, dated March 8, 1990, is reversed and the suspension is reinstated.