14

618 A.2d 474

Charles J. PICKENS, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 7, 1992.

Decided Sept. 15, 1992.

Publication Ordered Dec. 21, 1992.

Raymond F. McHugh, for appellant.

Charles McCardell and Douglas K. Tobin, for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Charles Pickens appeals from the order of the Bucks County Court of Common Pleas denying his appeal from a one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department) for his violation of Section 1547 of the Vehicle Code (Code), 75 P.S. § 1547.

At a hearing held *de novo* on May 24, 1991, Officer Frank Barclay testified as follows. On August 11, 1990, he observed Pickens staggering on Bustleton Avenue in Philadelphia County. The officer, thinking Pickens might enter traffic and hurt himself, drove around the block, travelling south on Bustleton Avenue. He did not see Pickens again until he noticed a silver BMW exit the parking lot at 11880 Bustleton Avenue, crossing four lanes of traffic without yielding. Officer Barclay then followed Pickens and saw the BMW hit the curb several times. When Pickens stopped for a light, the officer blocked Pickens' car with his automobile.

Officer Barclay testified that, when he stopped Pickens, Pickens' eyes were dilated, he was staring and he was stupor-

ous, and his voice was slurred. Moreover, when the officer had earlier observed him walking, he had been staggering. In view of all of these circumstances, Officer Barclay placed Pickens under arrest for driving under the influence. We note, however, that the officer's testimony is contradictory in that he initially testified Pickens was arrested for driving a vehicle under the influence of alcohol and/or a controlled substance, but he later testified Pickens was only arrested for driving under the influence of a controlled substance.

Officer Sandy Toth testified she was the certified breathalyzer operator on duty the night Pickens was transported to police headquarters to be tested. Officer Toth testified Pickens was brought to her to be tested for alcohol or controlled substances. She read him the implied consent warning. She attempted to administer the breathalyzer, which only tests for the presence of alcohol, but Officer Toth stated Pickens would not blow into the machine properly even though she explained to him how to do so. She stated that, rather than providing an insufficient sample, Pickens provided no sample at all. She felt he was "playing around with the machine," and registered Pickens' refusal to submit to testing. She also testified that the only test administered at police headquarters is the breathalyzer.

The narrow issue which Pickens presents on appeal is whether it is unreasonable to require a driver suspected of driving under the influence of a controlled substance only to submit to a breathalyzer test which cannot detect the presence of controlled substances. We do not find this issue to be compelling.

■ First, the record is unclear whether Pickens was suspected of driving only under the influence of a controlled substance as opposed to alcohol. As well, although Officer Barclay did not state he smelled alcohol on Pickens' breath or person, the absence of this testimony alone is insufficient to conclude the officer could not have suspected Pickens of alcohol intoxication. *See Bruno v. Department of Transportation*, 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980).

Therefore, the premise which underlies Pickens' argument is not well founded.

Moreover, even if Pickens was suspected of driving under the influence of drugs only and was then requested to submit to a breathalyzer test, he would have to take such test or risk suspension of his license. Section 1547(a)(1) provides that:

> [a]ny person who drives ... a motor vehicle ... shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if the police officer has reasonable grounds to believe the person to have been driving while under the influence of alcohol or a controlled substance or both. . . . .

A police officer who has reasonable grounds to believe a licensee was driving under the influence has unfettered discretion to request the·licensee to submit to a test of his breath, blood or urine under Section 1547. *McCullough v. Department of Transportation, Bureau of Traffic Safety,* 122 Pa. Commonwealth Ct. 415, 419, 551 A.2d 1170, 1172 (1988).

Pickens cites our Supreme Court's plurality holding in *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987) to assert a "reasonableness" requirement for the police in choosing a chemical test. Pickens maintains that a test which is chosen to comply with routine police procedures rather than to gather evidence sufficient for the prosecution of a licensee is unreasonable and, therefore, constitutionally proscribed. We find this argument unpersuasive, and agree with the common pleas court that *McFarren* is not on point. McFarren held, *inter alia,* that, where the police have already requested that a licensee undergo one chemical test, the police must offer sufficient evidence to establish the reasonableness of any further request.

In our opinion, Pickens has cited no authority to substantiate his theory that a police officer must establish reasonable grounds for the type of chemical test which he or she requests a licensee to take. In *Matthews v. Commonwealth,* 115 Pa. Commonwealth Ct. 403, 540 A.2d 349 (1988), where a licensee

arrested for driving under the influence was unsteady, combative and glassy-eyed, but two breathalyzer tests to which he submitted registered zero, we attested to our belief that "the police officer has demonstrated that reasonable grounds existed to request a different *type* of test by virtue of Appellant's bizarre behavior." (emphasis in original). *Id.* at 406, 540 A.2d at 351. We did not there overturn the suspension of Matthews' license because the police did not initially choose the appropriate chemical test. Additionally, to require a police officer to guess whether a licensee is intoxicated by either alcohol or a controlled substance or both in order to request a fitting chemical test seems to us inherently impracticable.

The evidence is clear that Pickens refused to submit to the chemical test requested of him, which was not his right. Accordingly, we affirm the order of the common pleas court.

### ORDER

AND NOW, this 15th day of September, 1992, the order of the Bucks County Court of Common Pleas, No. 91–2727–19–6, dated September 11, 1991, is affirmed.