## Commonwealth v. Johns, Jr.

Martin Burman, for Commonwealth.

Janis Smarro and Mitchell Scott Strutin, for petitioner.

WHITE, J., April 29, 1983—This is an appeal from a six month suspension of a motor vehicle operating license under §1574(b) of the Vehicle Code, 75 Pa.C.S.A. §1543(b), for refusing to submit to a breathalyzer test.

Petitioner was arrested by a Philadelphia policeman who responded to a radio call of an accident on the Schuylkill Expressway. When the police officer arrived on the accident scene, he found

petitioner standing outside his car. He observed that petitioner had a strong smell of alcohol on his breath and was very loud and unruly. For these reasons petitioner was placed under arrest for Intoxicated Chauffeur and taken to police headquarters. This court is of the opinion there was a reasonable basis for the arrest. Subsequently, petitioner was asked to submit to a breathalyzer test.

There is no dispute that petitioner refused to take the breathalyzer test.* However, it is his contention that the warnings he was given, the form he signed and the affidavit of the officer administering the test gave him the option of a chemical test of either breath or blood and that he was willing and able to submit to a blood test. The form signed by petitioner does have the words "blood test refused" in his handwriting next to his signature.

The police officer who was to conduct the test testified that he couldn't recall if petitioner had asked if he could take a blood test as opposed to a breathalyzer. He further testified that in general the blood test is only given if a person is incapable of taking a breathalyzer test. Therefore, he would only ask about a blood test if, in his opinion, the person was incapable of taking the breathalyzer test. However, the affidavit signed by the officer states:

3. The above motorist was requested to submit to a chemical test of *breath or blood* for the purpose of determining the alcohol content of the blood. (Emphasis added.)

We find this statement to be misleading. It would be very easy for the officer to cross out the words "or

---

*Given the testimony, this court is at a loss to explain why the "yes" box is marked after the question, "Do you agree to take this test?"

blood" but this was not done.

Section 1547(a) of the Vehicle Code, 75 Pa.C.S.A. §1547 provides:

Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of *breath or blood* for the purpose of determining the alcoholic content of blood . . . " (Emphasis added.)

Petitioner contends this language gives him the option to choose one of the two. The Commonwealth, on the other hand, contends the matter is controlled by §1547(g) which states:

(g) Blood test in lieu of breath test—If for any reason a person is physically unable to supply enough breath to complete a chemical test, a physician or nurse or a technician acting under a physician's direction may withdraw blood for the purpose of determining its alcoholic content. The chemical analysis of the blood taken under these circumstances shall be admissible in evidence in the same manner as are the results of the breath chemical test. The operating privilege of any person who refuses to allow a blood test under the above circumstances shall be suspended pursuant to subsection (b).

This, the Commonwealth asserts, means that blood tests are applicable only if a person is physically unable to take a breath test.

In Commonwealth v. Dourte, 66 Pa. Commw. 511, 445 A. 2d 264 (1982), the court discussed the problem raised by §1547(g). In that case petitioner had agreed to a breath test, was found physically incapable of taking it and then refused the blood test.

The court stated:

"The first sentence of 1547(g) plainly means that the blood of one who cannot perform a breath test may be withdrawn by a physician or a nurse or technician under the direction of a physician. The last sentence, just as plainly we believe, says that one who refuses consent to a blood test 'under the above circumstances' including the circumstance of inability to supply breath—shall have his license suspended. The converse of course applies that one who, as the findings here established was the appellee's case, is able to supply breath cannot be suspended for refusing to submit to a blood test."

If a driver cannot have his operator's privileges suspended for failure to consent to a blood test when he is capable of taking a breath test, it is the opinion of this court that he should not have the same privilege suspended for failure to take a breath test when he is willing and able to supply blood.

In addition to the ambiguous wording of the statute, petitioner argues that the form which he signed after adding "blood test refused" makes it clear that he did have an option.

The warning reads:

"You have been placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor and you are requested to submit to a chemical test of your breath to determine intoxication. If you are unable to perform the breath test, *or if you prefer that a blood test be given*, you are requested to submit to same. If you refuse to do so, the tests shall not be given but the secretary will suspend your license or permit to operate a motor vehicle with or without a hearing. If your license or permit to operate a motor vehicle is suspended under the provisions of this act you

shall have the same right to appeal as provided for in cases of suspension for other reasons." (Emphasis added.)

The statement "or if you prefer that a blood test be given, you are requested to submit to same" is not in any way ambiguous. It clearly indicates peititioner has a choice. Petitioner was given an option. He elected a blood test and was refused. Under these circumstances we do not feel he refused to submit to the required chemical test. He is not in violation of §1574(b). For all the foregoing reasons, petitioner's appeal is sustained.

### ORDER

And now, April 29, 1983, after consideration and hearing on March 1, 1983, the appeal is sustained and it is hereby ordered that the order of the Department of Transportation suspending petitioner's motor vehicle operating privilege for a period of six months is hereby rescinded.