## Commonwealth v. Kennedy

*Martin Burman*, for the Commonwealth.
*Samuel Stretton*, for defendant.

WHITE, *J.*, October 13, 1983—This is an appeal from a suspension of a motor vehicle operating license under §1547(b) of the Vehicle Code, 75 Pa.C.S.A. §1547, which provides for a one year suspension if a person placed under arrest for driving under the influence of alcohol is requested to submit to a breathalyzer test and refuses to do so.

After his arrest, petitioner was informed he was being taken to another police district for the purpose of having the breathalyzer test administered since the testing equipment in the district of his arrest was not working. At the hearing before this court, the police officer who was to administer the test testified that after he gave the proper warnings, petitioner agreed to take the test. The officer further testified he then asked petitioner to blow into the instrument which petitioner did three times. However, this officer said that at the same time he blew into the machine the defendant either pinched off the mouthpiece or placed his index finger over the hole of the mouthpiece. The officer then warned pe-

titioner that such behavior was the same as a refusal and asked him again if he would take the test. Defendant then refused according to the officer's testimony. The police officer also denied hearing the petitioner ask for a blood test.

The arresting officer, who was present during the breathalyzer examination, also testified at the hearing before this court. His testimony at both this hearing and at the preliminary hearing in contrast to that of the other officer was that the defendant made eight attempts to blow into the machine.

Petitioner's testimony was that the officer operating the equipment spent about five minute working the machine before he started the test and that when he blew into the hose about eight times without any pinching or holding, the machine failed to register a reading. He then felt this machine was also broken. He further testified that at this point he requested a blood test.

In addition to the conflicting testimony of the officers and the petitioner, it is clear the form signed by the petitioner is misleading. In quoting the statute, it appears to give defendant a choice of either a breath or blood test.

In paragraph (a) it reads ". . . [an operator of a motor vehicle] shall be deemed to have given consent to one or more chemical tests of breath, blood or urine." In paragraph (b)(1) it reads if a person "is requested to submit to chemical testing and refused to do so" and paragraph (b)(2) reads "[i]t shall be the duty of the police officer to inform the person that the person's operating privileges will be suspended upon refusal to submit to chemical testing."

Defendant is then asked, "Do you wish to take the test, breath, blood or urine" and asked to circle one

and check off yes or no. Petitioner circled the breath test, checked yes and signed his name. When he later had misgivings about the way the machine was functioning, he checked no.

It is our opinion that any reasonable person reading this form would understand he had a choice of tests. A person asking for a blood test when he feels the breathalyzer machine is broken has not "refused to submit to chemical testing."

Given the conflicting testimony in regard to the blood test, to the number of times the defendant blew into the machine and to the manner in which he blew, it is up to the Court to resolve the matter based on the credibility of the witnesses. We resolve it in favor of the petitioner. See in general Catana v. Moree, 272 Pa. Super. 247, 415 A.2d 413 (1979) and Brennan v. Nationwide Ins. Co., 294 Pa. Super. 564, 440 A.2d 609 (1982). We believe that petitioner tried to cooperate and that for some reason the machine failed to give a reading. We also believe he asked for a blood test.

For all the foregoing reasons, petitioner's appeal is sustained and the order of the Department of Transportation suspending petitioner's motor vehicle operating privileges for a period of one year is rescinded.

## ORDER

And now, October 13, 1983, after consideration and hearing on August 23, 1983, the Appeal is sustained, and it is ordered and decreed that the order of the Department of Transportation Suspending petitioner's motor vehicle operating privileges for a period of one year be and is hereby rescinded.