477 A.2d 1391

**CHESTER HOUSING AUTHORITY**

v.

**Julius NICHOLAS, Appellant.**

**CHESTER HOUSING AUTHORITY**

v.

**Irene BLACK, Appellant.**

**CHESTER HOUSING AUTHORITY**

v.

**Michael COLLIER, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1984.

Filed June 29, 1984.

Julius Nicholas, in propria persona.

Irene Black, in propria persona.

Michael Collier, in propria persona.

Ronald D. Ashby, Media, for appellee.

Before SPAETH, President Judge, and BECK and TAMILIA, JJ.

PER CURIAM:

These are appeals from final orders of the Delaware County Court of Common Pleas.

Appellants raise two issues on appeal:

(1) Whether the lower court erred in denying a motion for continuance made by defense counsel when appellants were unable to appear for trial due to their involvement in an automobile accident; and (2) Whether the verdicts entered by the lower court were inconsistent with the evidence and testimony presented.

As this Court reverses the decision of the lower court denying the motion for continuance and finds that a continuance should have been granted, we do not find it necessary to consider the issue of inconsistent verdicts.

The relevant facts reveal that three of four defendants in cases consolidated for trial purposes were involved in an auto accident due to snow and icy road conditions on the way to court. A police officer at the scene called the trial judge's chambers and provided information about the accident. He indicated damage to the vehicle had occurred but no personal injuries had been sustained. The trial was postponed until the 2:00 p.m. session. By 2:00 p.m., defense counsel had been in contact with defendant, Nicholas, who informed her the car was inoperable but that three defendants had accepted a ride to Crozer—Chester Hospital where defendant, Black, was treated for injuries. According to defendants, they were "shaken up" following the incident and unable to attain transportation to the courthouse due to road conditions. The person who drove them to the hospital did wait and take them home although he refused to drive as far as the courthouse.

The defense attorney requested a continuance to the next available court date which was denied. The trial judge then entered judgment against the three defendants unable to appear and ordered an abatement in the amount of rent demanded from the fourth defendant, who did appear.

■ As all parties involved agree, a continuance is discretionary and an inherent power of the court. *Henley v. Com., State Civil Service Commission*, 39 Pa.Commw.Ct. 286, 395 A.2d 330 (1978); *Phillips-Farmer v. John Wanamaker of Philadelphia*, 28 Pa.Commw.Ct. 600, 369 A.2d 1339 (1977); also see, Pa.R.C.P. 216(A), Grounds for Continuance.

■ Oral argument of the case was held in this court on March 20, 1984; appellants appeared pro se,[1] appellee was

1. Appellants acted prudently in that they did make sure the court was notified of the accident and subsequently they reached counsel con-

not represented. After consideration of appellants' arguments, the briefs and case law, this Court concludes the lower court abused its discretion in not granting a continuance under the circumstances. A continuance should have been granted pursuant to Pa.R.C.P. 216(A)(2) [2] and appellants provided the opportunity to present evidence on their behalf.

The order and judgments of the court below are hereby vacated and the three cases are remanded for a new trial consistent with this opinion.

Jurisdiction is relinquished.

cerning the resulting delay necessitated by the need to seek medical attention. At oral argument, they told the Court of their predicament in being unable to reach the courthouse following their visit to the hospital and were satisfied that once appellant, Nicholas, had spoken with their attorney, no further action on their part was necessary. Mr. Collier was with Mr. Nicholas when he spoke with the attorney and Ms. Black explained her daughter's attempts and inability to reach the trial judge's chambers.

**2.** Pa.R.C.P. 216(A)(2). The following are grounds for continuance: Illness of counsel of record, a material witness, or a party. . . .