527 A.2d 1071

Allen M. Wenger, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Thomas G. Klingensmith, Gingrich, Smith, Klingensmith & Dolan,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him, *Harold Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, June 18, 1987:

Allen M. Wenger (Appellant) appeals an order of the Court of Common Pleas of Dauphin County which dismissed his appeal and sustained a one-year suspension ordered by the Department of Transportation (Department) pursuant to Section 1547 of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §1547. We affirm.

Appellant was observed driving erratically on the evening of November 28, 1985 and was shortly thereafter involved in a one-car collision. Upon his arrival, Officer Popp detected the odor of alcohol on Appellant's breath and noticed he was uncoordinated and fumbling in his attempt to produce his license. Officer Popp conducted a field sobriety test and then placed Appellant under arrest for driving under the influence of alcohol. Appellant agreed to submit to a breathalyzer test and was thereafter transported to the police station.

At the police station, Officer Newcomer read to Appellant from a form entitled "Notice of Pennsylvania Implied Consent Law."[1] Appellant indicated that he un-

---

[1] When Officer Newcomer was asked to "read what you told the Defendant," he responded:

Pennsylvania has an implied consent law, Section 1547 of the Vehicle Code, which provides that if you drive, operate or are in physical control of the movement of a motor vehicle in the Commonwealth, you shall be deemed to have given your consent to one or more chemical tests of your breath, blood, or urine for the purposes of determining the alcoholic content of your blood or the presence of a controlled substance in your blood, provided a police officer has reasonable grounds to believe that you are driving, operating or in actual physical control of the

derstood what was read to him and he was then taken to the room where breathalyzer tests are conducted. Appellant then said he wanted a blood test rather than a breath test. Officer Newcomer testified that he told Appellant that if he did not take the breath test it would be considered a refusal and his operating privilege would be suspended. Appellant was informed that he could obtain a blood test on his own from his physician after he took the breath test. After refusing to submit to the breath test three more times, Appellant was released and his license was thereafter suspended.

Appellant's sole argument here is that his license cannot be suspended for insisting on a blood test rather than a breath test because he reasonably misunderstood the law which was read to him, and which he also read for himself, to give him, rather than the police, the choice of tests and because the police failed to warn him that his insistence on a blood test rather than a breath test would constitute a refusal. The Department argues that Appellant's appeal is frivolous and therefore requests an award of counsel fees pursuant to Pa. R.A.P. 2744.

---

movement of a motor vehicle while under the influence of alcohol or of a controlled substance or both, or driving, operating or in actual physical control of the movement of a motor vehicle which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

. . . .

That section further provides that if you are placed under arrest for a violation of Section 373 [sic], relating to driving under the influence of alcohol or controlled substance, and are requested to submit to chemical testing and refuse to do so, the testing shall not be conducted, but upon notice by the police officer, the department shall suspend your operating privilege for a period of 12 months.

Notes of Testimony (N.T.) from March 27, 1986 at 20-21.

Section 1547(a) of the Code states in part that "[a]ny person who drives . . . a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood. . . ." 75 Pa. C. S. §1547(a). This Court has clearly stated that under Section 1547(a) "a licensee has no right to a choice of tests. . . ." *Binder v. Commonwealth*, 99 Pa. Commonwealth Ct. 548, 531, 513 A.2d 1105, 1107 (1986). In fact, we have specifically held that there is nothing in Section 1547(a) of the Code to indicate that a licensee has the option of choosing which chemical test he will take. *Department of Transportation, Bureau of Traffic Safety v. Bartle*, 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985). Anything less than an unequivocal consent to take the test requested by the officer constitutes a refusal. *Id.*

In the case at bar, Appellant argues that he was reasonably misled by the form which was read to him by Officer Newcomer. Our review of the contents of that form, however, reveals that it is an almost verbatim recitation of Section 1547(a) and (b)(1) of the Code. Since we have held that Section 1547(a) of the Code does not indicate that a licensee has the option of choosing the test, we must conclude that there is no basis for Appellant's argument.[2] *Cf. Binder* (where this Court held that a licensee had been misled into believing that he had

---

[2] Appellant calls our attention to two cases, *Commonwealth v. Kennedy*, 27 Pa. D. & C. 3d 449 (1983) and *Commonwealth v. Johns, Jr.*, 26 Pa. D. & C. 3d 371 (1983), in support of his proposition that one who reasonably misunderstands the implied consent law to give him the choice of tests and refuses a breath test based on his misunderstanding has not refused to submit to a chemical test. These cases are readily distinguishable.

Both cases involved the use of forms which were read to the defendant and were found by the court to have misled the defendant into believing that he had the choice of tests. In *Kennedy*, the

the choice of tests by a form containing the phrase "or if you prefer that a blood test be given. . . .") Furthermore, our review of the record reveals that Appellant was properly warned that his insistence on a blood test rather than a breath test would constitute a refusal.[3] Accordingly, we reject Appellant's argument and sustain the Department's one-year suspension of his operating privilege.

---

form read in part "Do you wish to take the test, breath, blood or urine" and defendant was asked to circle one and check yes or no. *Id.* at 450-451. In *Johns, Jr.*, the defendant was given a form which read in part "If you are unable to perform the breath test, or if you prefer that a blood test be given, you are requested to submit to same." *Id.* at 374.

In the present case, the form read to Appellant contained an almost verbatim recitation of Section 1547(a) of the Code which we have specifically held does not indicate that a licensee has the option of choosing the test. *Bartle.* In addition, there were no other statements, like those quoted above, which could have misled Appellant.

[3] Officer Newcomer testified on cross-examination as follows:

Q: And you never specifically told him [Appellant] that his insistence on a blood test would constitute a refusal, isn't that correct?

A: No, that is not correct. I told him that his refusal to take a breathalyzer test is a refusal.

Q: Did you ever specifically tell him that his insistence on a blood test would result in a loss of his license?

A: Yes, Sir, I did, right where the breathalyzer was. N.T. at 26.

The trial court held that the implied consent form and this testimony by the officer was sufficient to indicate that Appellant was properly warned. While we agree with that conclusion by the trial court, we also believe that in order to avoid similar problems in the future, the arresting officer or the breathalyzer operator should inform the motorist that the choice of chemical tests is made by an officer and not by the motorist and anything less than an unconditional assent to the officer's request for a specific test will result in a 12-month license suspension.

We now turn to the Department's request for counsel fees. Pa. R.A.P. 2744 allows this Court to award reasonable counsel fees if an appeal is determined to be, *inter alia,* frivolous or taken solely for delay. This Court has previously held that a key factor in determining whether an appeal is frivolous is determining "whether, either as a matter of fact or law, the appellant's contentions have any likelihood of success" or whether a continuation of the contest is reasonable. *Appeal of Langmaid Lane Homeowners Ass'n,* 77 Pa. Commonwealth Ct. 53, 60, 465 A.2d 72, 75 (1983).

As we have just stated, Appellant's argument that Section 1547(a) of the Code is misleading has been addressed by this Court on previous occasions and has been flatly rejected; nevertheless, our most definitive statement on the issue was not handed down in the *Bartle* case until November 22, 1985. The arrest in the instant case occurred November 28, 1985. The appeal from the Department's action suspending Appellant's driving privileges was filed January 17, 1986. While it is true that by the time the case came on for hearing on March 27, 1986, our decision in *Bartle* was, or should have been known to Appellant, we are reluctant to hold that Appellant should have been aware before he appealed that his case was controlled by the result we reached in *Bartle* and that his appeal had little or no likelihood of success in view of *Bartle*.

We, consequently, will not exercise our authority under Pa. R.A.P. 2744 to impose counsel fees in this case.

## ORDER

The order of the Court of Common Pleas of Dauphin County in the above-captioned matter is hereby affirmed.

CONCURRING & DISSENTING OPINION BY JUDGE DOYLE:

I readily join the majority opinion except that I would remand to the trial court for the assessment of counsel fees.