599 A.2d 710

**Ronald Francis SWOYER, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 1990.

Decided Sept. 10, 1990.

Publication Ordered Nov. 15, 1991.

Certiorari Denied Oct. 15, 1991.

See 112 S.Ct. 332.

1

2

Richard J. Orloski, for appellant.

Richelle D. Sanders Fisher and David R. White, Asst. Counsel, for appellee.

Before CRUMLISH, Jr., President Judge, and PELLEGRINI, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Ronald Francis Swoyer (Swoyer) appeals from the October 5, 1989 order of the Court of Common Pleas of Lehigh County (trial court) denying his request for a continuance and dismissing his Motion for Rehearing on Grounds of Newly Discovered Evidence (Motion for Rehearing) of his appeal from an order of the Department of Transportation (Department) suspending his operating privileges.

The events giving rise to the present appeal are as follows. Swoyer's operating privileges were suspended by the Department for one year for his refusal to submit to chemical testing pursuant to § 1547 of the Vehicle Code.[1]

---

1. Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), in pertinent part provides:

On or about October 7, 1987, Swoyer appealed the order suspending his operating privileges to the trial court. A hearing was held on January 15, 1988 at which the trial court determined that Swoyer had refused to take the breathalyzer and issued an order, on the same date, denying his license suspension appeal. Swoyer never filed an appeal from the January 15, 1988 order of the trial court.

Subsequently, on December 23, 1988, new counsel for Swoyer filed a Motion for Rehearing of his appeal based upon newly discovered evidence. The newly discovered evidence involved a discrepancy between testimony of the breathalyzer operator at the license suspension hearing and the criminal trial on drunk driving at which Swoyer was found not guilty. The trial court ordered a hearing on Swoyer's December 23, 1988 Motion for Rehearing based upon this newly discovered evidence. The hearing was scheduled for January 31, 1989.

By order of the trial court dated October 5, 1989, Swoyer's fourth request for a continuance of the hearing was denied and his Motion for Rehearing on his January 15, 1988 appeal was dismissed.[2]

As previously indicated, Swoyer's Motion for Rehearing based upon newly discovered evidence was originally scheduled to be heard by the trial court on January 31, 1989. On

(b) Suspension for refusal.—
(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

**2.** On January 23, 1990, the Department filed a motion to quash the within appeal as untimely contending that the dismissal of Swoyer's license suspension appeal by the trial court occurred on January 15, 1988. The Department's motion also included a request for counsel fees.

This Court denied the Department's motion to quash on February 21, 1990 on the basis that this appeal was not from the January 15, 1988 order but from the trial court's October 5, 1989 order which was a final, appealable order. (See Memorandum opinion filed February 21, 1990).

January 26, 1989, Swoyer's counsel requested a continuance because of a baptism.[3] The continuance was granted and the hearing rescheduled until March 13, 1989, at which time an additional continuance was requested by Swoyer's counsel because his appearance in federal court was warranted.[4] This continuance was also granted and the hearing rescheduled until April 6, 1989 with the proviso by the trial court "[n]o further continuances to be granted."

Both the record and paper file are then devoid of any documents or entries indicating what transpired between the scheduled April 6, 1989 hearing and August 9, 1989 when a third continuance was requested by Swoyer's counsel. We can only assume that the April 6, 1989 hearing was continued. The August 9, 1989 continuance requested by counsel for Swoyer was again made on the basis that he had to appear in federal court.[5] The trial court continued the hearing until October 5, 1989, and again stated: "No further continuances to be granted." On October 5, 1989, another request for continuance was made by an associate of Swoyer's counsel who indicated that counsel was again in federal court.[6]

We are now requested to review the trial court's denial of Swoyer's request for a continuance and dismissal of the Motion for Rehearing.[7] Hence, the only issue before us is whether the trial court abused its discretion.

In support of the argument of an alleged abuse of discretion by the trial court, Swoyer contends that the refusal of the trial court to grant a continuance contravenes the spirit of the Supremacy Clause of Article VI, Section 2,

3. Official Record, Item No. 9.

4. Official Record, Item No. 10.

5. Official Record, Item No. 11.

6. No document requesting a continuance on October 5, 1989 appears in the record.

7. Our scope of review is limited to a determination of whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, and whether the trial court's decision constitutes a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

of the United States Constitution which provides, *inter alia,* that federal law supersedes any inconsistent state rules or laws. U.S. Const. art. VI, § 2. Swoyer argues that as counsel was required to appear in federal and state court simultaneously, counsel was bound to attend the federal court matter. We find this argument to be frivolous and lacking in merit.

Similarly, we find Swoyer's argument that counsel's scheduling conflict was not so inexcusable as to warrant dismissal and refusal to grant the continuance, to be without merit.

Pa.R.C.P. No. 216(A)[8] recognizes four grounds for continuance, which are:

(1) Agreement of all parties or their attorneys, if approved by the Court;

(2) Illness of counsel of record, a material witness, or a party ...;

(3) Inability to subpoena ... any material witness ...;

(4) Such special ground as may be allowed in the discretion of the court.

Request for a continuance based upon counsel's appearance in federal court obviously is encompassed within special ground category number four. Hence, it is discretionary.

■ That granting of a continuance lies exclusively within the discretion of the trial court is well-established. *Chester Housing Authority v. Nicholas,* 329 Pa. Superior Ct. 136, 477 A.2d 1391 (1984). Such a determination by the trial court will not be disturbed absent an apparent abuse of discretion. *Phoenix Mutual Life Insurance Co. v. Radcliffe on the Delaware, Inc.,* 439 Pa. 159, 266 A.2d 698 (1970); *Walasavage v. Marinelli,* 334 Pa. Superior Ct. 396, 483 A.2d 509 (1984).

8. We are cognizant of the Supreme Court's recent decision in *In re Westinghouse Electric Corp.,* 525 Pa. 80, 575 A.2d 550 (1990); however, we rely upon Rule 216 as it may assist a trial judge in exercising discretion when presented with a request for continuance.

█ The record evidences no abuse of discretion by the trial court. In fact, it reflects the trial court's granting of continuances on a number of occasions in an attempt to accommodate Swoyer's counsel.

Furthermore, Pa.R.C.P. No. 216(B) provides:

[e]xcept for cause shown in special cases, no reason ... enumerated for the continuance of a case shall be of effect beyond one application made in behalf of one party....

On three separate occasions counsel's excuse for requesting a continuance was his appearance in federal court. Such repeated requests contravene this rule.

Rule 216 is meant to prevent granting of repeated continuances. In this case, three documented continuances were granted; the trial court gave counsel two warnings that "no further continuances" were to be granted; and, hence, was justified in denying the fourth request for a continuance.

█ We now turn our attention to consideration of the Department's request for counsel fees. The Department contends that Swoyer's appeal is frivolous and requests an award of counsel fees pursuant to Pa.R.A.P. 2744. A key factor in the determination of whether or not an appeal is frivolous involves a decision as to whether, as a matter of law or fact, appellant's contentions have any likelihood of success or whether continuation of the contest is reasonable. *Wenger v. Commonwealth of Pennsylvania*, 107 Pa. Commonwealth Ct. 20, 527 A.2d 1071 (1987). Under the circumstances of this case, an award of counsel fees to the Department under Pa.R.A.P. 2744 is warranted. Hence, we remand, on this issue alone, to the trial court for a factual determination of the amount of counsel fees and costs.

As we find no abuse of discretion by the trial court in refusal to grant Swoyer's request for continuance or in dismissal of Swoyer's Motion for Rehearing, the order of the trial court is affirmed and the case remanded for a determination of the amount of counsel fees and costs to be awarded.

## ORDER

AND NOW, this 10th day of September, 1990, the decision of the Court of Common Pleas of Lehigh County denying continuance and dismissing the Motion for Rehearing of Appellant is hereby affirmed, and the case remanded for determination of the amount of counsel fees and costs to be awarded to Appellee, Department of Transportation.

Jurisdiction relinquished.

PELLEGRINI, Judge, concurring and dissenting.

I concur in the affirmance of the trial court's denying continuance and dismissing the motion for a rehearing, but dissent as to the awarding of counsel fees because the appeal is frivolous.

For counsel fees to be awarded on appeal as to whether, as a matter of law or fact, Swoyer's contentions have no likelihood of success and continuation of the contest is unreasonable. *Wenger v. Commonwealth of Pennsylvania*, 107 Pa. Commonwealth Ct. 20, 527 A.2d 1071 (1987).

Swoyer raises the issue that it was an abuse of discretion for the trial court not to grant a continuance for it contravenes the Supremacy Clause of Article VI, Section 2 of the United States Constitution. On that ground, Swoyer argues that if counsel is required to appear in federal and state courts simultaneously, counsel is bound to attend the federal court matter. While I believe that this contention is erroneous, so many federal judges believe this to be true, how can it be frivolous?

More to the point, I do not believe that Pa.R.A.P. 2744 authorizes the imposition of counsel fees against a party where the substance of the matter on appeal involves conduct of his counsel rather than that party's interest. Pa. R.A.P. 2744 is not broad enough, and absent a provision in the Appellate Rules similar to that contained in Section 8355 of the Judicial Code, 47 Pa.C.S. § 8355, counsel fees cannot be awarded against the attorney.

For the foregoing reasons, I dissent.