Robert D. SHAW, Appellant

v.

TOWNSHIP OF ASTON.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2006.

Decided Feb. 21, 2007.

Ronald David Ashby, Media, for appellant.

Brenden R. Chainey, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Robert D. Shaw (Shaw) petitions for review from the order of the Court of Common Pleas of Delaware County (common pleas court) which denied Shaw's petition for special relief.

Shaw was employed as a patrolman by the Township of Aston (Employer) when

he was injured on December 24, 2001, while in the course and scope of his employment. As a result of his temporary injuries, Shaw was eligible for and received benefits pursuant to the Heart and Lung Act (Act).[1] Shaw was also awarded workers compensation benefits. Shaw returned to work on March 5, 2004, and because his temporary disability had ceased the heart and lung benefits were automatically terminated.[2]

Shaw was a member of the Fraternal Order of Police (FOP) and was employed pursuant to a collective bargaining agreement (CBA). The parties to this action were bound by the terms of the CBA. Following termination of his heart and lung benefits, Shaw filed a grievance with the FOP and asserted that he was entitled to a service-connected disability pension. Moreover, Shaw contended that his heart and lung benefits were improperly terminated without affording him a due process hearing. The grievance was denied.

Thereafter, on December 15, 2004, Shaw filed a Demand for Arbitration with the American Arbitration Association (Association). The Association denied the request to proceed to arbitration because the CBA was between the FOP and the Township. As such, Shaw could not pursue the grievance individually and the FOP advised the Township that it would not support Shaw's request for a service-connected disability pension. Specifically, the Association concluded that "absent agreement of all parties or a court order the American Arbitration Association is without authority to proceed with arbitration. . . ." Letter from the American Arbitration Association, June 7, 2005 at 1.

On February 21, 2006, Shaw filed a Petition for Special Relief with the common pleas court and requested the common pleas court appoint an independent hearing officer to determine if his heart and lung benefits were unlawfully terminated. Following a hearing, the common pleas court issued an order on May 11, 2006, that denied Shaw's petition for special relief. The common pleas court concluded that it did not have the authority to provide the relief Shaw sought, i.e. to appoint an independent hearing officer. In addition, the common pleas court concluded that it did not have jurisdiction to adjudicate the dispute because it involved a statute and a term and condition of Shaw's employment. The common pleas court reasoned that Shaw's dispute was subject to the grievance resolution procedure set forth in the CBA. Finally, the common pleas court concluded that the FOP, as Shaw's representative, was the proper party to pursue the remedy, not Shaw individually. Opinion of the Common Pleas Court, July 5, 2006, at 4–5. Shaw now seeks this Court's review.

Shaw alleges that the common pleas court erred 1) when it relied on prior municipal labor law knowledge and experience to render a decision on Shaw's petition for special relief; 2) when it determined that entitlement to heart and lung benefits was a term and condition of Shaw's employment and subject to the terms and conditions of the CBA; and 3) when it determined that it did not have jurisdiction to adjudicate the dispute.

■ Shaw generally asserts that the common pleas court erred because at argument the presiding Judge, Edward J. Zetusky, Jr., referenced his past experience and encounters with the FOP and the City of Chester, while employed as a city solici-

---

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638.

2. Shaw injuries were ultimately determined to be permanent and Shaw stopped working altogether.

tor. An "[a]buse of discretion is not merely an error of judgment, but if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, [i]s shown by the evidence or the record, discretion is abused." *Sherman v. Yoder*, 59 Pa. Cmwlth. 430, 430 A.2d 347 (1981).

Shaw neither suggested that the common pleas court abused its discretion in any way when it referenced its municipal labor law experience in the petition proceedings, nor did Shaw indicate what error, if any, resulted from Judge Zetusky's reference. Shaw's argument is basically an expression of disagreement with the common pleas court's ruling. Shaw sets forth no legal basis for this Court to conclude that the common pleas court abused its discretion when it denied Shaw's petition for special relief.

■ Next, Shaw contends that the common pleas court erred when it determined that entitlement to heart and lung benefits was a term and condition of Shaw's employment and subject to the terms and conditions of the CBA. The purpose of the Act is to provide important public safety personnel with full compensation while the personnel are temporarily disabled with work-related injuries. *Organ v. Pennsylvania State Police*, 112 Pa.Cmwlth. 352, 535 A.2d 713 (1998). Section 1(a) of the Act, 53 P.S. 637(a), provides, in pertinent part: "Any policeman ... of any township ... who is injured in the performance of his duties, ... shall be paid by the ·... township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased."

The Act itself does not establish or identify a specific forum in which to adjudicate the entitlement to heart and lung benefits. *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa.Cmwlth.403, 621 A.2d 1111 (1993). However, the courts have held that disputes regarding entitlement to heart and lung benefits may be resolved through the grievance arbitration process if provided for in a mutually agreed upon CBA. *Sidlow v. Township of Nether Providence*, 153 Pa.Cmwlth. 390, 621 A.2d 1105 (1993). Finally, heart and lung benefits are based on an employee's rate of salary and benefits. *Huffman v. Borough of Millvale*, 139 Pa. Cmwlth. 349, 591 A.2d 1137 (1991).

■ Here, Shaw was employed pursuant to and bound by the terms and conditions of the CBA. In addition, Shaw's rate of salary and benefits were defined in the CBA. Because heart and lung benefits are based on Shaw's rate of salary which was set forth in the CBA it follows that the common pleas court did not err when it found that the heart and lung benefits were a term and condition of his employment pursuant to the CBA. Moreover, the CBA set forth a dispute resolution procedure when the dispute involves a state statute. Grievance is defined in the CBA as:

> 1). "Grievance" means any dispute involving the application or interpretation of any provision of this Agreement or any arbitration award rendered between the parties, or any statute affecting the rights, benefits and working conditions of police officers employed by the Township, to include all matters of discipline, including but not limited to any applicable statute providing for civil service or tenure. **The grievance definition shall include disputes relating to or arising out of all state and local statutes, regulations or rules relating to police officers and/or terms or conditions of their employment.**

CBA at 23; Supplemental Record (S.R.) at 34b (emphasis added).

This dispute involves a state statute that relates to a term and condition of Shaw's

employment. Therefore, it must be resolved according to the grievance resolution process defined in the CBA. The common pleas court did not err in this regard.

■ Finally, Shaw contends that the common pleas court erred when it determined it lacked jurisdiction to adjudicate the controversy. Shaw argues that the common pleas court was the appropriate forum to review an appeal from a heart and lung benefit termination. Shaw argues that the CBA's grievance resolution procedure was inapplicable because it was too broad and arguably encompassed every statute, regulation, or rule as having to be resolved pursuant to the CBA. This Court must disagree. The issue in this case was whether a dispute involving the Heart and Lung Act must be resolved in accordance with the CBA. As previously stated, the Act does not establish or identify a specific forum in which to adjudicate the entitlement to heart and lung benefits. *Wisniewski*, 153 Pa.Cmwlth. 403, 621 A.2d 1111. Therefore, the parties had the right to mutually agree to resolve disputes pursuant to the CBA.[3]

Here, the parties mutually agreed in the CBA to resolve disputes that involved state statutes through the grievance resolution process. The grievance resolution process contained four levels: 1) file a grievance with the Chief of Police; 2) submit the grievance to the Chairman of the Police Committee; 3) submit the grievance to the Board of Commissioners, and 4) proceed to arbitration. At the conclusion of the grievance resolution process the CBA specifically provided that "the decisions of the arbitrator shall be binding on both parties." CBA at 24–25; S.R. at 35b–36b.

Because the CBA stated that arbitration was the exclusive forum for resolution of disputes with regard to the CBA's terms and conditions, the common pleas court did not err when it concluded that it lacked jurisdiction to adjudicate the dispute.[4]

### ORDER

AND NOW, this 21st day of February, 2007, the order of the Court of Common Pleas of Delaware County that denied Robert D. Shaw's petition for special relief is affirmed.

---

3. In contrast, a dispute involving workers compensation for example could not be resolved pursuant to the CBA because the Workers' Compensation Act sets forth a statutorily defined adjudication process. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

4. If Shaw felt that his grievance was inappropriately handled he had the right to file a breach of fair representation claim against the FOP. *Ziccardi v. Commonwealth of Pennsylvania, Department of General Services,* 500 Pa. 326, 456 A.2d 979 (1982).