# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Wilkes-Barre,                    :
                     Appellant           :
                                         :
            v.                           :    No. 1320 C.D. 2015
                                         :    Argued:  March 7, 2016
Fire Fighters Local Union No. 104       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER                    FILED:  April 5, 2016


The City of Wilkes-Barre appeals from an order of the Court of Common Pleas of Luzerne County that denied the City's Petition to Vacate Arbitration Award.  We affirm.

In September 2012, Captain Joseph Perlis (Grievant) sustained a work injury while performing his duties with the City's Fire Department.  Unable to work, he underwent surgery for a torn rotator cuff and participated in physical therapy and chiropractic treatments.  During his period of attempted recuperation, the City provided him with full pay and paid all of his hospital, medical and surgical expenses.  In addition, he was awarded workers' compensation benefits in October 2012.

In June 2013, the City's workers' compensation carrier requested a utilization review (UR) of Grievant's chiropractic treatments and physical therapy. Pursuant to an August 2013 UR determination, Grievant's chiropractic treatments were determined to be unreasonable and unnecessary as of May 21, 2013, and into the future. Although neither Grievant nor his chiropractic provider Dr. Colella appealed therefrom, after May 21, 2013, Grievant continued to receive chiropractic treatment for which the City refused to pay. As for physical therapy, Grievant ceased receiving such services after the UR determination.[1] In any event, once the City stopped paying for both services, the dispute between the parties arose.

In August 2013, Fire Fighters Local Union No. 104 (Union) filed a grievance alleging that, contrary to the parties' collective bargaining agreement (CBA), the City's action deprived Grievant of benefits under what is frequently referred to as the Heart and Lung Act.[2] Upon the parties' inability to resolve the grievance, an arbitrator was assigned to the dispute. When the parties similarly were unable to stipulate to the issues, the arbitrator determined that they were as follows: 1) whether the grievance was substantively arbitrable; and 2) whether the City violated the CBA when it refused to continue to pay for Grievant's physical therapy and chiropractic treatments and, if so, the proper remedy. September 2, 2014 Arbitration Award at 2. In the interim, Grievant submitted a voluntary resignation in October 2013.

---

[1] Noting that the record did not include a copy of the UR determination for Grievant's physical therapy, the arbitrator observed that the record nonetheless reflected that the provider filed a petition for review of UR in September 2013. In addition, the arbitrator noted that a Workers' Compensation Judge (WCJ) in March 2013 concluded that Grievant's physical therapy was also unreasonable and unnecessary. September 2, 2014 Arbitration Award at 4.

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-38.

Following an April 2014 hearing, the arbitrator concluded that the grievance was substantively arbitrable and made the following award:

> The grievance is sustained in part and denied in part.
>
> The City violated the Agreement when it refused to continue to pay for the Grievant's chiropractic treatments after May 21, 2013. The City shall pay for those chiropractic services rendered between August 24, 2013 and October 5, 2013 that are not otherwise payable under the City's medical insurance program (at no cost to the Grievant).

*Id*. at 11. As for physical therapy services, the arbitrator determined that Grievant was not out-of-pocket for any fees for those services because he discontinued therapy after the UR determination. The City's Petition to Vacate Arbitration Award followed. Following common pleas's July 2015 denial of that petition, the City timely appealed to this Court.

Our narrow certiorari review permits us "to consider only questions relating to the arbitrators' jurisdiction, the regularity of the proceedings, an excess of the arbitrators' powers and constitutional deprivations."[3] *Dep't of Corr. v. Pa. State Corr. Officers Ass'n*, 12 A.3d 346, 356 (Pa. 2011). We turn first to the City's assertion that the arbitrator lacked jurisdiction over the parties' dispute.

As we have noted, our "courts have held that disputes regarding entitlement to heart and lung benefits may be resolved through the grievance arbitration process if provided for in a mutually agreed upon CBA." *Shaw v. Twp. of Aston*, 919 A.2d 303, 305 (Pa. Cmwlth. 2007) [citing *Sidlow v. Twp. of Nether Providence,* 621 A.2d 1105 (Pa. Cmwlth. 1993)]. Here, the City's argument is twofold. First it claims that Heart and Lung Act benefits are not covered in the

---

[3] In its reply brief, the City conceded that it incorrectly referenced the "essence test," rather than the correct "narrow certiorari" review.

CBA because it does not specifically reference the Act. This argument misses the mark. As the City itself points out, Article 12 of the parties' CBA provides for the payment of "hospital, medical and surgical expenses incurred by any member of the Department who is injured in the performance of his duties." It is the failure of the City to pay for such expenses while Grievant was a member of the Department which is the basis for the grievance, and the fact that those benefits are also provided for in the Act is irrelevant. Next, the City argues that the benefits at issue are outside the CBA because Dr. Colella has not attempted to collect his fees from Grievant, so Grievant has not "incurred" the expenses. However, the arbitrator found that "the Grievant has been billed for those services and the City is responsible for any such fees incurred within the grievance filing period." September 2, 2014 Arbitration Award at 10. This argument is nothing more than a challenge to the arbitrator's fact-finding and his interpretation of the CBA, matters entirely outside our scope of review. *Pa. State Police v. Pa. State Troopers Ass'n*, 840 A.2d 1059, 1062-63 (Pa. Cmwlth. 2004).

The City next argues that the doctrine of collateral estoppel applied to preclude a finding that the City was responsible to pay the medical benefits after the Workers' Compensation Judge found them to be unreasonable and unnecessary, and thus not payable under the Workers' Compensation Act.[4] Even assuming, arguendo, that issue preclusion would apply in this instance, the arbitrator's contrary conclusion would simply be an error of law, again a question outside our scope of review. *Fraternal Order of Police, Lodge No. 19 v. City of Chester*, 845 A.2d 230, 233 (Pa. Cmwlth. 2004).

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

4

Finally, the City avers that "Captain Perlis was never precluded from submitting Pro Rehabilitation's or Dr. Coletta's bills or any other medical bill to the City's health insurance provider." Brief for Appellant at 14. It is not clear how this alleges any error by the arbitrator, let alone one within our scope of review, since the award specifically stated that "the City shall pay for those chiropractic services rendered between August 24, 2013 and October 5, 2013 that are not otherwise payable under the City's medical insurance program (at no cost to the Grievant)." September 2, 2014 Arbitration Award at 11.

For all the foregoing reasons, the order of the Court of Common Pleas of Luzerne County refusing to vacate the arbitration award is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Wilkes-Barre,          :
          Appellant    :
                     :
          v.        :   No. 1320 C.D. 2015
                     :
Fire Fighters Local Union No. 104  :

# **O R D E R**

AND NOW, this 5th day of April, 2016, the order of the Court of Common Pleas of Luzerne County is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge