# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tamika Bellamy,                                   :
                     Appellant     :
                                 :     No.  14 C.D. 2016
              v.                       :
                                 :     Submitted:  August 12, 2016
Commonwealth of Pennsylvania,        :
Department of Transportation,            :
Bureau of Driver Licensing               :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                   FILED:  November 21, 2016


Tamika A. Bellamy (Licensee) appeals from the December 16, 2015 order of the Court of Common Pleas of Bucks County (trial court) denying her statutory appeal from a one-year suspension of her driving privileges imposed by the Department of Transportation (DOT) pursuant to section 1547(b)(1) of the Vehicle Code.[1]  We affirm.

On March 9, 2014, at approximately 6:45 a.m., Trooper Justin Oliverio investigated a report of a vehicle partially blocking the southbound lane of I-95 near the Langhorne, Bucks County exit.  Upon arrival, Trooper Oliverio observed that the

---

[1] Section 1547(b)(1)(i) provides that if any person placed under arrest for driving while under the influence is requested to submit to a chemical test and refuses to do so, DOT shall suspend the person's operating privileges for one year.  75 Pa.C.S. §1547(b)(1)(i).

vehicle had suffered moderate damage after coming into contact with a guardrail, that the keys were in the ignition, and that Licensee was asleep in the driver's seat. (Notes of Testimony (N.T.) at 7-8.)

Trooper Oliverio woke Licensee, and she informed the Trooper that she had run out of gas while driving home from a friend's house. Licensee further informed Trooper Oliverio that while attempting to pull onto the shoulder of I-95, she "actually put the car in reverse and backed into the guardrail at that point." (N.T. at 8.) Trooper Oliverio stated that Licensee admitted to consuming 7.5 milligrams of Percocet earlier that morning and that she had a prescription for this amount. (N.T. at 8-9.)[2]

Trooper Oliverio administered field sobriety tests to Licensee, and based upon her performance of the tests, he concluded that Licensee was incapable of safely operating a vehicle. Trooper Oliverio then placed Licensee under arrest and transported her to St. Mary Medical Center for a blood test. While at the hospital, Trooper Oliverio read Licensee the implied consent warnings verbatim from the DL-26 form. After requesting to read the form herself, Licensee informed Trooper Oliverio that she "would not do the test." (N.T. at 9-11.)

After receiving notice that Licensee refused to submit to chemical testing, DOT mailed her a notice on May 12, 2014, advising her that her driving privileges would be suspended for a period of twelve months, effective June 16,

---

[2] Notably, in Pennsylvania, a person can be convicted of driving under the influence, *see* Section 3802(d)(2) of the Vehicle Code, 75 Pa.C.S. §3802(d)(2), where the driver has ingested prescription drugs and the Commonwealth proves that the driver was under the influence to such a degree that the driver's ability to drive is impaired, *see Commonwealth v. Griffith*, 32 A.3d 1231, 1238-40 (Pa. 2011); *Commonwealth v. Graham*, 81 A.3d 137, 147 (Pa. Super. 2013).

2

2014, pursuant to Section 1547 of the Vehicle Code. (Official Notice of Suspension, 5/12/2014.)

On June 10, 2014, Licensee filed an appeal to the trial court for a *de novo* hearing. On July 3, 2014, the trial court issued an order scheduling a hearing on Licensee's appeal for September 22, 2014. On September 22, 2014, Licensee requested a continuance, which was unopposed by DOT. By order dated September 22, 2014, the trial court granted the continuance and rescheduled the hearing for February 17, 2015. (Docket Entries at Nos. 1-4.)

After another request for a continuance was granted in favor of Licensee, the case was relisted from October 15, 2015, to December 16, 2015. On December 9, 2015, Licensee requested another continuance, due to her alleged medical condition and injuries from the accident, and the trial court advised her to submit medical documentation to substantiate her medical condition by December 14, 2015. When Licensee failed to do so, Andrew Pressner from Court Administration informed Licensee on December 14, 2015 that her request for a continuance was denied and that the hearing remained scheduled for December 16, 2015. (Docket Entries at Nos. 5-7.)

The hearing was held on December 16, 2015. Licensee did not appear at the hearing and the trial court heard the testimony of the sole witness, Trooper Oliverio, who testified to the facts stated above. (N.T. at 3.)

Based on Trooper Oliverio's testimony and Licensee's failure to appear at the hearing, the trial court dismissed Licensee's appeal by order dated December 16, 2015. (Docket Entry at No. 8.)

On January 5, 2016, Licensee filed a notice of appeal and a petition for leave to proceed *in forma pauperis*. On January 12, 2016, the trial court granted

3

Licensee *in forma pauperis* status. On March 9, 2016, the trial court directed Licensee to file a concise statement of the errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(b), which she subsequently filed on March 29, 2016. (Docket Entries at Nos. 10-12, 15-16.)

In her concise statement, Licensee alleged sixteen errors, which, when unraveled of their redundancy, can be reduced to three: (1) that she was not provided with proper notice of the December 16, 2015 hearing; (2) that the trial court should have continued the hearing to a later date; and (3) that there was insufficient evidence to establish that she was operating a vehicle while under the influence of a controlled substance and/or refused to submit to the chemical testing. (Licensee's Concise Statement of Errors, 3/29/2016.)

In its Pa.R.A.P. 1925(a) opinion, the trial court determined that Licensee did in fact receive notice of the December 16, 2015 hearing. The trial court reasoned as follows:

> [Licensee's] allegations concerning her claim that she was not properly notified of the December 16, 2015 rescheduled hearing are undermined by the fact that she sent a request to Court Administration on December 9, 2015, requesting another continuance of the December 16, 2015 hearing date [due to a medical condition]. Notation in the Court Administration file indicates that [Licensee] was notified on December 10, 2015, that she would have until Monday, December 14, 2015, to contact counsel for [DOT] and provide a doctor's note. She was then contacted by Andrew Pressner in Court Administration on December 14, 2015, and advised that her request for a continuance had been denied and her case remained listed for December 16, 2015 . . . .

(Trial court op. at 5-6.)

4

The trial court also determined that it did not err in failing to continue the December hearing because Licensee had alleged on a few occasions that she was experiencing medical problems from the car accident, had previously established a routine of "calling at the last minute" to request a continuance, and failed to produce evidence to substantiate her medical condition or need for a continuance. *Id.* at 5-6. Finally, the trial court found that Licensee's claims regarding the sufficiency of the evidence were waived because she failed to appear at the hearing and lodge an objection. *Id.* at 6-7.

On appeal to this Court,[3] Licensee first argues that the trial court erred in dismissing her appeal because she never received "proper notice" of the December 16, 2015 hearing. (Licensee's brief at 11.)

However, Licensee admits in her brief that she received actual notice of the hearing date:

> [Court] Administration indicated that a letter had been mailed to [Licensee] who never received it. Due to not receiving any further information or documentation, [Licensee] searched the dockets and discovered that a court date had been scheduled for December 16, 2015 . . . .
>
> On December 14, [Licensee] received a call from [Pressner] and he advised [Licensee] that a continuance . . . would not be granted and the court date scheduled for December 16, 2015 would remain listed.

(Licensee's brief at 8.)

---

[3] Our scope of review is limited to determining whether the trial court's necessary findings are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 n.6 (Pa. Cmwlth. 2005).

This Court has held that "[a] party's statements in its brief . . . are treated as a judicial admission." *Bartholomew v. State Ethics Commission*, 795 A.2d 1073, 1078 (Pa. Cmwlth. 2002) (citation omitted). Judicial admissions are formal concessions "which have the effect of withdrawing a fact from issue and dispensing it without the need for proof of the fact." *Id.* For purposes of due process, "actual notice of the continued hearing date will suffice." *In re Phillip F.*, 78 Cal. App. 4th 250, 259 (Cal. App. 5th Dist. 2000); *see also Stanford-Gale v. Tax Claim Bureau of Susquehanna County*, 816 A.2d 1214, 1217 (Pa. Cmwlth. 2003) (concluding that "actual notice of a pending tax sale waives strict compliance with statutory notice requirements[.]"). Therefore, given Licensee's admission that she had actual notice that the hearing would occur on December 16, 2015, we conclude that her argument lacks merit.

Next, Licensee contends that the trial court abused its discretion in denying her request to continue the December 16, 2015 hearing date. Licensee asserts that she was "suffering from the effects of a car accident, and ankle and female problems[.]" (Licensee's brief at 11.)

The decision to grant a continuance is a matter within the trial court's exclusive discretion and can be reversed only on a showing that the trial court abused its discretion. *Commonwealth v. Lutz*, 618 A.2d 1254, 1255 (Pa. Cmwlth. 1992); *Swoyer v. Department of Transportation*, 599 A.2d 710, 712 (Pa. Cmwlth. 1990). To establish an abuse of discretion, Licensee must show "not merely an error of judgment," but that "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will." *Sitoski v. Department of Transportation, Bureau of Driver Licensing*, 11 A.3d 12, 22 (Pa.

6

Cmwlth. 2010) (quoting *Shaw v. Township of Aston*, 919 A.2d 303 (Pa. Cmwlth. 2007)).

Here, the trial court granted Licensee two continuances, and after Court Administration made relisting changes to the trial schedule, Licensee's original hearing date of September 22, 2014, was eventually rescheduled to December 16, 2015. In denying Licensee's third request for a continuance, alleging that she was suffering from medical problems, the trial court directed Licensee to submit a doctor's note in support of her contention. Licensee failed to do so. Therefore, on this record, we cannot conclude that the trial court abused its discretion in denying Licensee's third request for a continuance. *See Miller v. Miller*, 577 A.2d 205, 207-08 (Pa. Super. 1990) (concluding that a continuance was properly denied where the trial court informed the appellant "that a continuance would be granted if he obtained a medical excuse outlining his ill health" and the appellant "failed to secure an excuse [or] attend the hearing.").

Finally, Licensee argues that the Commonwealth failed to establish that she was in actual physical control of the vehicle while impaired. Although the trial court determined that this issue was waived because Licensee did not attend the hearing, and failed to prosecute her appeal, this Court will address it on the merits.

To sustain a suspension of operating privileges under section 1547 of the Vehicle Code, DOT must establish that the licensee: (1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension.

7

*Kollar v. Department of Transportation, Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010).

In determining whether an officer had reasonable grounds to believe that a motorist was in "actual physical control" of a vehicle, this Court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). "[A]t the very least, there must be some objective evidence that the motorist exercised control over the movement of the vehicle at the time he was intoxicated. It is immaterial whether alternative reasonable explanations for how the motorist came to be as he was found exist." *Gammer v. Department of Transportation, Bureau of Driver Licensing*, 995 A.2d 380, 384 (Pa. Cmwlth. 2010) (citations and internal quotation marks omitted).

Here, Trooper Oliverio observed Licensee's vehicle partially blocking the southbound lane of I-95 and noticed that the vehicle collided into a guardrail, suffering moderate damage. Licensee admitted that she was driving home from her friend's house and ran out of gas before pulling over onto the shoulder of the southbound lane. Although Licensee was asleep when Trooper Oliverio arrived, the keys were in the engine and Licensee admitted that she previously ingested 7.5 milligrams of Percocet earlier that morning. In addition, Licensee failed two field sobriety tests, specifically the horizontal gaze nystagmus test and the nine step walk-and-turn test. (N.T. at 9-10.) Based on this record, we conclude that there were ample facts from which Trooper Oliverio could form reasonable grounds to believe

8

that Licensee was in physical control of the vehicle while under the influence of a controlled substance.

Accordingly, having determined that Licensee's arguments on appeal are devoid of merit, we affirm the trial court's December 16, 2015 order denying her statutory appeal from a one-year suspension of her driving privileges.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tamika Bellamy,                                     :
               Appellant                  :
                                 : No. 14 C.D. 2016
            v.                                  :
                                 :
Commonwealth of Pennsylvania,      :
Department of Transportation,             :
Bureau of Driver Licensing                 :

## *ORDER*

AND NOW, this 21st day of November, 2016, the December 16, 2015 order of the Court of Common Pleas of Bucks County (trial court) is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge